(No. 40262, 40615 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ELLIS WARE, Appellant.

*Opinion filed January 19, 1968.*

HART, BANBURY, LAWRENCE & GULLSTRAND, of
Aurora, (THOMAS J. BANBURY, of counsel,) appointed by
the court, for appellant.

WILLIAM R. KETCHUM, State's Attorney, of Elgin,
(W. BEN MORGAN, Assistant State's Attorney, of counsel,)
for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The principal question here is whether the conflict of
interests which confronted the defendant's attorney was
one which will invalidate the defendant's conviction.

The defendant and five other men were indicted in Kane
County on charges of robbery and attempted murder. The
court appointed one attorney to represent the defendant and
Garry O'Farrell, a co-defendant. The attorney moved for
a severance in behalf of the defendant on the ground that
O'Farrell had given a statement which implicated the de-
fendant in the crimes charged and its introduction into evi-

dence would prejudice the defendant's right to a fair trial. The motion was allowed. Thereafter, O'Farrell pleaded guilty to the charges and, not yet having been sentenced, appeared as a witness for the People and gave testimony against the defendant at his trial. The testimony portrayed the defendant, who was considerably older than his co-defendants, not only as a participant in the crimes but as the instigator and leader. The defendant testified that he was not with the co-defendants at the time of the crimes and in no manner was a participant. The verdict of the jury was "guilty" and the defendant was sentenced to a term of not less than 8 nor more than 12 years.

The defendant appeals from the judgment of conviction and from the judgment denying his petition for redress under the Post-Conviction Hearing Act. A constitutional question is posed by the defendant's claim of denial of proper assistance of counsel.

We deem that under the circumstances the defendant did not receive the proper assistance of counsel, to which of course he had a right.

Typically, when one attorney represents co-defendants the legal adequacy of counsel is questioned by the claim that the defenses offered by the defendants are in some form divergent and that such divergency of defenses embarrassed the defense of one or more of the accused. Here, however, one defendant pleaded not guilty and stood trial and his co-defendant, represented by the same attorney, pleaded guilty and testified that his co-defendant had participated in the crimes. The attorney of necessity had to assume a position of ambivalence toward the defendant. He was professionally charged to assist the defendant in his defense and yet he had a concurring obligation to assist professionally O'Farrell, the co-defendant, who testified that the defendant was the instigator of and a participant in the crimes. His obligation to the co-defendant was not terminated by O'Farrell's plea of guilty, for he had a continuing responsi-

bility to urge the trial court that O'Farrell's testimony, that ordinarily an attorney under such circumstances must treat as having been truthful, and co-operation with the State's Attorney be given favorable consideration in fixing O'Farrell's punishment. However, in his role as the defendant's trial counsel he was required within proper bounds to attempt to support the defendant's exculpatory testimony and to impugn the contradicting testimony of O'Farrell.

Co-defendants have a right to separate counsel if their positions are antagonistic. (*People* v. *Dolgin*, 415 Ill. 434; *Lebron* v. *United States*, (D.C. cir.) 229 F.2d 16.) Here, there was complete antagonism between the positions of the defendant and O'Farrell, the co-defendant.

We shall not attempt to measure the prejudice sustained by the defendant, for, as the Supreme Court stated in *Glasser* v. *United States*, 315 U.S. 60, 76, 86 L. Ed. 680, 62 S. Ct. 457: "The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial."

The judgments of the circuit court of Kane County are reversed and the cause is remanded for the appointment of other counsel and for a new trial.

*Reversed and remanded.*