(No. 42617.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOSEPH JOHNSON, Appellant.

*Opinion filed September 22, 1970.*

CULBERTSON, J., dissenting.

JOSEPH JOHNSON, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and RICHARD E. RICHMAN, State's Attorney, of Murphysboro, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant was tried by jury in the circuit court of Jackson County and sentenced to the penitentiary for a term of not less than three nor more than seven years for the crime of robbery. His petition under the Post-Conviction Hearing Act was dismissed without an evidentiary hearing and defendant has appealed from the order of dismissal.

Although the post-conviction petition contained several allegations, we find it necessary to consider only one of these charges. It appears from the petition and from the record of the original conviction that the defendant was jointly indicted with Abraham Westley, Jr. and Buford Lewis, Jr. The public defender was appointed to represent all three defendants. Immediately prior to the trial of the defendant the prosecutor moved to dismiss the indictment against Lewis and moved for an order of immunity as to Lewis. Counsel for the defendant did not object to the dismissal or the entry of the immunity order. Thereafter, Westley, who was still represented by the public defender, was granted leave to withdraw his plea of not guilty and enter a plea of guilty. At the trial, Lewis testified for the prosecution. The post-conviction petition alleged that defendant did not receive the effective assistance of counsel because of a conflict of interest. We agree.

In *People* v. *Ware,* 39 Ill.2d 66, the same attorney represented the defendant and a co-defendant. The co-defendant pleaded guilty and, before he was sentenced, appeared as a witness for the People and gave testimony against the defendant. We held that counsel of necessity had to assume a position of ambivalence toward the defendant and that there was a complete antagonism between the positions of the defendant and the co-defendant. Here the public defender's client, Lewis, did not plead guilty and testify for the State in the expectation of a favorable sentence as in the *Ware* case; he obtained complete immunity and the dismissal of the charges against him. We are unable to completely accept

the State's argument that the dismissal of the indictment against Lewis terminated the attorney-client relationship between him and the public defender and that therefore no conflict of interest existed. This approach puts form above substance. While it may be true, technically, that the attorney-client relationship was severed, the fact remains that one of the public defender's clients went free and testified against the defendant who was sentenced to the penitentiary. Under these circumstances it cannot be said that defendant received the undivided allegiance of his counsel. We are of the opinion that a new trial is required.

The judgment of the circuit court of Jackson County denying the post-conviction petition is reversed. The cause is remanded to the trial court with directions to set aside the judgment of conviction and grant a new trial.

*Reversed and remanded, with directions.*

Mr. JUSTICE CULBERTSON, dissenting.