(No. 44490.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v, JOHN DURLEY, Appellant.

*Opinion filed May 22, 1972.*

GERALD W. GETTY, Public Defender, of Chicago
(JAMES N. GRAMENOS and ALAN OSHEFF, Assistant
Public Defenders, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and EDWARD V. HANRAHAN, State's Attorney of
Chicago, (JAMES B. ZAGEL, Assistant Attorney General,
and ELMER C. KISSANE, GEORGE PAPPAS, and
ROBERT C. SAMKO, Assistant State's Attorneys, of
counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion
of the court:

Following a bench trial in the circuit court of Cook
County, defendant was convicted of the unlawful sale of
narcotics (heroin) and sentenced to the penitentiary for a
term of 10 to 15 years. The appellate court affirmed
*(People v. Durley (Ill.App. 1971), 272 N.E.2d 725),* and

we granted leave to appeal. Defendant contends: (1) he was denied his right to confront and cross-examine an informer witness; and (2) he was not proved guilty beyond a reasonable doubt.

Officers King and Kelly met an informer, Fred Washington, at Jackson and Oakley Streets in Chicago about 9:00 P.M. on September 16, 1966. They took the informer to a gas station restroom where he was thoroughly searched. Satisfied that he had no money or narcotics, the officers gave him $19 in marked, prerecorded currency for which he signed a receipt. The officers drove the informer to the place designated for the meeting where he left the car and walked out of the officers view for approximately two minutes. When they next saw him he was in the company of the defendant. The two men went to a building at 2088 W. Monroe Street, and the officers saw the defendant enter the building while the informer waited on the street. The informer testified that he had given the marked money to the defendant who then entered the building and was admitted into the basement apartment. A few minutes later he emerged and gave the informer a tinfoil packet of narcotics. The informer signaled the police on a radio which he was carrying, and the defendant was arrested.

Both were taken to a vacant lot where the defendant was searched and the informer gave Officer King the packet he had received. The defendant remained in custody while the others proceeded to the apartment building. They entered the basement apartment by breaking down a vestibule and hallway door and found the occupant, Mrs. Carter, whom they arrested. She was taken to the bathroom and searched by a policewoman. Officer King testified that as he waited outside the door, he heard the sound of a disturbance. He entered and saw Mrs. Carter struggling with the policewoman and trying to dispose of an object in the toilet. This was recovered and found to be two additional packets of heroin. A search of the

apartment revealed $810 in currency, including the pre-recorded bills.

Defendant first contends that the trial court denied him his sixth amendment right to confront and cross-examine the State's witness. At trial, defense counsel on cross-examination asked the informer, "Where are you employed?" The State's objection to this question was sustained. Defendant, citing *Smith v. Illinois, 390 U.S. 129, 19 L.Ed.2d 956, 88 S.Ct. 748,* argues that by sustaining the objection the trial court denied him the right to effectively cross-examine and impeach the informer's testimony. We do not agree.

In *Smith,* an informer was asked his "real name" and address on cross-examination and the State's objections were sustained. The United States Supreme Court, however, reversed, holding that the right to cross-examine was "effectively emasculate[d]" by the foreclosing of "this most rudimentary inquiry at the threshold." (390 U.S. at 131.) The court reiterated its long recognized rule that " 'a denial of cross-examination *** would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it'." 390 U.S. at 131.

However, subsequent decisions by the Seventh Circuit Court of Appeals have refused to interpret *Smith* as *per se* requiring a new trial when defense counsel was precluded from asking questions directed to an informer's place of residence or employment. These decisions have recognized that *Smith* requires reversal only where the record indicates such preclusion amounted to a denial of effective cross-examination. *United States v. Daddano (7th cir. 1970), 432 F.2d 1119; United States v. Lee (7th cir. 1969), 413 F.2d 910; United States v. Lawler (7th cir. 1969), 413 F.2d 622; United States v. Teller (7th cir. 1969), 412 F.2d 374, cert. denied, 402 U.S. 949.*

Defense counsel in the present case was able to elicit the fact that the witness had worked as a paid informer

"innumerable times"; and that he had been paid to provide information concerning the defendant; that he had used several aliases; that he was a narcotics user and had been imprisoned for "sale" and for mail theft. Counsel also asked questions concerning the facts surrounding the arrest, including the physical characteristics of the building, distances, and conversations. The judge permitted extensive questioning as to whether the informer had used drugs on the day of the trial and permitted defense counsel to examine the informer's arm which revealed scratch or puncture marks. The record demonstrates that the defendant was permitted wide latitude in cross-examining the informer and we hold the refusal of the trial court to allow a question as to the informer's place of employment does not, under these circumstances, amount to a denial of effective cross-examination.

Defendant finally argues that the State failed to prove him guilty beyond a reasonable doubt since the informer's testimony was uncorroborated and unworthy of belief. We considered this issue arising from similar facts in *People v. Adams, 46 Ill.2d 200,* where an informer completed the sale of heroin out of the presence of police officers, and the marked money was never found. Defendant was convicted after a bench trial and we stated "circumstantial evidence and testimony, if believed, certainly demonstrated the defendants's guilt. It was the function of the trial court as the trier of fact to evaluate the credibility of the witnesses and its finding of guilty will be disturbed only where the evidence is so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt as to the defendant's guilt. *(People v. Scott, 38 Ill.2d 302, 306.)*" 46 Ill.2d at 208-09.

In the instant case, no police officer saw the actual sale, although Officer King corroborated a significant portion of the informer's testimony. *(People v. Realmo, 28 Ill.2d 510.)* The evidence of the prerecorded funds being

found where the defendant had gone, while circumstantial, further corroborates this testimony. We find no cause to disturb the judgment of the trial court.

For the aforementioned reasons, the decision of the appellate court is affirmed.

*Judgment affirmed.*

## END OF VOLUME