THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL STANLEY CHEATHAM *et al.*, Defendants-Appellants.

(Nos. 71-287, 71-288 cons.;

Second District—August 16, 1972.

Ralph Ruebner, of Defender Project, of Elgin, (Kenneth L. Gillis, of counsel,) for appellants.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

On July 2, 1971, the defendants, Paul S. Cheatham and Jerry L. Kuehl, were arrested in Rockford and charged with the offense of robbery in violation of section 18—1 of the Illinois Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 18—1.) On July 6, both defendants were found to be indigent and the public defender appointed to represent them.

On July 13, Cheatham and Kuehl appeared in court with deputy public defender William R. Beu, waived their right to prosecution by indictment and pleaded not guilty to the offense as charged by way of information. On July 16, they again appeared in court with Beu, withdrew their previous not guilty pleas, waived their right to trial by jury and pleaded guilty to the charge in the information. The court accepted the pleas, after the proper admonishments, and granted their respective motions to file petitions for probation.

On July 27, the matter again came before the court, this time for a hearing on the probation petitions. At the conclusion of the hearing, the court denied probation for both defendants and sentenced each to a term of 1 to 5 years in the penitentiary. This appeal followed.

The defendants contend that the appointment of one attorney to represent both of them denied them their right to effective assistance of counsel since their interests, at least at the probation hearing, were in conflict.

The record discloses that the defendants were drinking beer together in a park in Rockford during the afternoon of July 2. They left the park in an automobile driven by Kuehl to obtain a soft drink "mix" at a local store. On the way to the store, the defendants picked up one Charles Webster who was hitch-hiking through Rockford. The two drove Webster to the edge of town and left him off at a location designated by him. At their request, Webster paid Kuehl $1 for gas.

After they left Webster, Kuehl suggested they turn back and "roll" him for any other monies he might have. Kuehl turned the car around, drove back to Webster where Cheatham left the car and struck Webster several times, knocking him to the ground. Kuehl also hit or kicked Webster and, while he held Webster, Cheatham took about $4.00 from his pockets. They left the scene, with Webster on the ground, when a

car approached and were arrested soon after. Both men gave statements shortly after their arrest.

At the probation hearing, it was disclosed that Kuehl was a few days short of his 27th birthday when the robbery took place. It was also brought out that Kuehl had brought the beer to the park and was apparently the one who commenced the afternoon's drinking. Kuehl was separated from his wife and had been arrested on at least three occasions, under a local ordinance, for public intoxication. In 1962, he had been sentenced to a six-month term in a county jail in Appleton, Wisconsin in regard to an episode involving a stolen car.

Cheatham was 18 years old at the time of his arrest. The probation report indicated that he had been arrested on numerous occasions for drinking and he had two previous convictions for theft. The report recommended that probation be denied for both defendants.

In support of their contention that they were denied effective assistance of counsel, the defendants cite the cases of *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, and *People v. Ware,* 39 Ill.2d 66, 233 N.E.2d 421.

In the *Glasser* case, the United States Supreme Court held that the defendant was denied effective assistance of counsel in a conspiracy trial when the trial court, over objection, appointed his privately retained counsel to represent a co-defendant. In that case, the court was advised that the defenses were inconsistent and the record supported the conclusion that, as a result of the dual representation, counsel's defense was less effective.

In *Ware,* the same counsel represented Ware and a co-defendant, O'Farrell, in a prosecution for robbery and attempted murder. The cause was severed and O'Farrell pleaded guilty. The charges against Ware proceeded to trial where O'Farrell testified as a witness against him. Our Supreme Court held that there was a complete antagonism between the positions of Ware and O'Farrell and that Ware was denied effective assistance.

It is obvious that these cases can be readily distinguished from the situation before us. There was no factual dispute between Cheatham and Kuehl since each gave substantially similar statements and pleaded guilty. They urge, however, that at the probation hearing their positions were basically antagonistic since the points to be emphasized in favor of Cheatham's petition (his comparative youth, and the fact that Kuehl furnished the beer and initiated the idea to "roll" their victim) would have been prejudicial to Kuehl.

In the case of *People v. McCasle,* 35 Ill.2d 552, the public defender was appointed to represent McCasle and a co-defendant, Thaddic, in

a prosecution for armed robbery. At the trial, both defendants offered an alibi defense (to the effect that they didn't know each other) but did not object to the dual representation. Our Supreme Court held that there was nothing to show that McCasle was prejudiced or that a different result might have obtained had separate counsel been appointed. The court concluded (at page 556) "* * * we ought not disturb a judgment on the basis of conjectural or speculative conflicts between the interests of co-defendants which are envisioned for the first time on appeal."

Similarly, in the case of *People v. Williams,* 36 Ill.2d 194, it was held that the defendant was not denied effective assistance of counsel when one public defender represented six co-defendants in a prosecution for rape where there was nothing in the record to suggest that there would have been a different result if six different attorneys had been appointed or six different trials held.

In *People v. Somerville,* 42 Ill.2d 1, 245 N.E.2d 461, three defendants were jointly indicted and tried for armed robbery. All three were represented by the same private counsel and argued, on appeal, that they had been denied assistance of counsel on the basis of the *Glasser* decision. The court rejected that contention and quoted from the case of *Lugo v. United States,* 350 F.2d 858, 859, as follows:

"All the cases cited to us by appellant involved obvious conflicts of interest, and while we cannot indulge in nice calculations about the amount of prejudice which results from a conflict of interest (*Glasser, supra*), neither can we create a conflict of interest out of mere conjecture as to what might have been shown."

We find nothing in the record to support the contention that either defendant was prejudiced at the probation hearing by their joint-counsel. The court had before it, in any event, the age of each of them and their relative involvement in the commission of the crime. It is significant that the probation department prepared and submitted separate reports and recommended the petition of each be denied. Certainly any conclusion that a different result would have obtained had separate counsel been employed would be pure conjecture.

For the reasons stated, the judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.