(No. 44727.–

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN DURLEY, Appellant.

*Opinion filed November 30, 1972.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago (LEE T. HETTINGER and JAMES J. DOHERTY, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and ROBERT C. SAMKO, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE DAVIS delivered the opinion of the court:

The issue in this appeal is whether the trial court properly denied the petitioner, John Durley, an evidentiary hearing, in connection with his post-conviction petition, for failure to raise a substantial constitutional question. The factual circumstances in connection with the offense are adequately set forth in our prior decision (51 Ill.2d 590), and therefore need not be restated here.

John Durley and Evie May Carter were jointly indicted for the sale of narcotic drugs in Cook County. Evie May Carter was also charged with possession of narcotics. They were tried together by the court without a jury and were represented by the same attorney, but Durley paid no fee to the attorney. At the conclusion of the trial, the court found Durley guilty of the unlawful sale of narcotics (heroin) and sentenced him to a term of 10 to 15 years in the penitentiary, and found Evie May Carter not guilty of the unlawful sale, but guilty of possession of narcotics. The appellate court affirmed

Durley's conviction (*People v. Durley (1971), 272 N.E.2d 725*), we allowed petition for leave to appeal and affirmed the appellate court. *People v. Durley (1972), 51 Ill.2d 590.*

Durley filed a sworn petition for post-conviction relief in the circuit court of Cook County, alleging that he had been denied effective assistance of counsel, that his defense was antagonistic to that of his co-defendant, and that he was thereby denied his constitutional rights as provided by the Illinois and United States constitutions. The State filed a motion to dismiss on the ground that the petition stated conclusions and not facts. Thereupon Durley filed an amended sworn petition and included therein certain factual details to support his claim of ineffectual assistance of counsel. The State renewed its motion to dismiss and the court dismissed the petition without an evidentiary hearing.

Basically, the petitioner contends that he was denied the effective assistance of counsel because he and his co-defendant were represented by the same attorney. He urges that this attorney was privately retained and paid by the co-defendant; that the attorney filed a motion to suppress on her behalf only (which was denied by the trial court); and that he rested their defense at the close of the State's case, without calling any witnesses.

Durley charges that his representation was not effective because the "trial attorney was not properly prepared for trial"; that the "defense of the co-defendant was antagonistic to that of the petitioner"; and that the attorney never attempted to negotiate a plea whereby Durley might obtain the benefit of a reduced charge. Durley's allegations that "the trial attorney was not properly prepared for trial" and certain other allegations relative thereto are conclusional in nature and are complementary of his contention of antagonistic defenses. Since counsel was privately retained herein, his allegations do not support the charge of incompetency of counsel (*People v. Scott (1969), 43 Ill.2d 135, 140-141*) and they

are not supported by affidavits or other evidentiary matters as required by section 122—2 of the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—2; *People v. Pierce (1971), 48 Ill.2d 48, 50.*

Only the second of these charges—that the defenses of Durley and his co-defendant were antagonistic—requires our consideration under the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*

Durley notes that the transcript of the trial reflects that no defense whatsoever was either tendered or suggested by defense counsel, and he now offers to testify at an evidentiary hearing concerning certain alleged facts which, he asserts, might raise a doubt as to whether he had actually consummated an unlawful sale of narcotics.

He points to certain testimony by the informer which is inconsistent with his proposed testimony, now tendered *dehors* the record, and which he urges must be accepted as true as a result of the State's motion to dismiss. While admitting the purchase of heroin from his co-defendant, Durley is suggesting that he made no sale to the informer; that he met the informer in a cafe; that both were addicts and pooled their money to obtain narcotics; that they went together to the co-defendant's residence; that he went inside and purchased the narcotics from the co-defendant while the informer waited outside; that they then met outside on the sidewalk; and that he then "handed" the narcotics to the informer only after he "insisted upon holding" them.

Even if we were to concede that Durley's version of the occurrence was admissible in an evidentiary hearing for post-conviction relief, his sworn admission that he "handed" the narcotics to the informer inculpates him conclusively. We have previously held that the language of the statute is sufficiently broad to construe the giving of narcotics to another as a sale. Ill.Rev.Stat. 1969, ch. 38, par. 22—40; *People v. Shannon (1959), 15 Ill.2d 494.*

We do not believe that Durley has alleged any

deprivation of his constitutional rights so as to merit an evidentiary hearing. It is unquestioned that co-defendants should have a right to separate counsel if their positions are antagonistic. (*People v. Dolgin (1953), 415 Ill. 434, 446-449.*) But such antagonism is not necessarily present in every instance where the same attorney represents two or more co-defendants merely by virtue of such representation. Bare allegations of the petition that a conflict of interest existed are not sufficient to require an evidentiary hearing; the petition, together with affidavits and the record, where attached, must show facts which indicate the denial of constitutional rights. (*People v. Bliss (1970), 44 Ill.2d 363, 366, 367; People v. Smith (1969), 44 Ill.2d 82, 85; People v. Reed (1967), 36 Ill.2d 358, 359-360.*)

Durley has failed to demonstrate any conflict of interest between himself and his co-defendant in their defenses at the trial, and the admission in the petition that he handed the narcotics to the informer, when viewed with the total evidence, was sufficient to conclusively prove a gift or sale of narcotics. (Ill.Rev.Stat. 1969, ch. 38, par. 22—40.) After exhausting his appellate remedies, Durley will not be permitted to "second guess" his trial counsel with a new theory of defense offered for the first time in a post-conviction petition.

Although Durley has cited cases in which this court reversed and remanded convictions where a defendant and co-defendant were represented by the same attorney (*People v. Johnson (1970), 46 Ill.2d 266; People v. Ware (1968), 39 Ill.2d 66*), the factual circumstances in those cases were different than those in the case at bar.

Here, there has been no claim of prejudice to the petitioner, or that a different result might have obtained had separate counsel been appointed. We observed in *People v. McCasle (1966), 35 Ill.2d 552,* at page 556: "*** we ought not disturb a judgment on the basis of conjectural or speculative conflicts between the interests of co-defendants which are envisioned for the first time on

appeal. [Citation.]" Therefore, the judgment of the circuit court of Cook County dismissing the petition for post-conviction relief is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.