THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNIS C. AUGUSTUS, Defendant-Appellant.

Fifth District No. 73-354

Opinion filed February 18, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Michael J. Henshaw, State's Attorney, of Harrisburg (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendant, Dennis Augustus, was tried and convicted by a jury of the crime of burglary in the circuit court of Saline County. (Ill. Rev. Stat. 1971, ch. 38, §19—1.) In his appeal from that conviction the defendant alleges, among other things, that he did not receive the effective assistance of counsel because of a conflict of interest of his attorney.

The record shows that defendant and a codefendant, Jerry Powell, were jointly indicted for the same offense and the public defender was appointed to represent both. On the day of his arrest, Jerry Powell, accompanied by his attorney, confessed to the crime and implicated defendant, Dennis Augustus. Four days later Powell entered a negotiated plea of guilty and received a penitentiary sentence of from 2 to 6 years. He was represented by the public defender in the plea and sentencing

hearings. During the trial of Dennis Augustus, Jerry Powell testified in the State's case-in-chief. Augustus was convicted and sentenced to a penitentiary term of from 3 to 10 years.

The defendant contends that this dual representation deprived him of the effective assistance of counsel in that a conflict of interest existed which made it impossible for the public defender to adequately represent both defendants. The State counters that no conflict of interest existed because the sentencing of Powell ended the attorney-client relationship between Powell and the public defender leaving the attorney to conduct his trial defense of Augustus free of any conflicting obligations. We cannot agree with this conclusion.

In *People v. Ware*, 39 Ill. 2d 66, 233 N.E.2d 421, one defendant pleaded guilty and, prior to sentencing, testified for the State at his codefendant's trial. The court held that the attorney who represented both had "of necessity * * * to assume a position of ambivalence toward the defendant" whose conviction was being appealed. The attorney's obligation to the codefendant who testified for the State was not terminated by the plea of guilty, for the attorney had a continuing responsibility to urge on the trial court the truthfulness of the codefendant's testimony and the value of his cooperation with the State in order to obtain a favorable sentence for the first codefendant. At the same time he was required by his professional duty to the defendant standing trial, to attack the same testimony with information gained while representing the codefendant who gave it.

In *People v. Johnson*, 46 Ill. 2d 266, 265 N.E.2d 869, the court went a step further. In *Johnson* the State's contention was that the dismissal of charges against one codefendant, who testified for the State against the other, severed the attorney-client relationship. The State argued that the dismissal of charges disposed of any conflict of interest for the public defender in representing the codefendant who went to trial. The *Johnson* court recognized that such an approach "puts form above substance."

The criminal defendant is entitled to the assistance of counsel for his defense. The future course of a defense and its chances for success or failure can be and often are determined very early in the course of the proceedings. An attorney charged with a dual representation may find himself faced, at the very outset of a criminal case, with a situation where he cannot give full weight to the interests of both defendants because their defenses have already begun to diverge. In *Johnson*, there remained no further obligation on the attorney to represent the testifying codefendant in dealings with the State, and his only continuing duty was to the defendant standing trial. Nevertheless the court said:

"While it may be true, technically, that the attorney-client rela-

tionship was severed, the fact remains that one of the public defender's clients went free and testified against the defendant who was sentenced to the penitentiary. Under these circumstances it cannot be said that the defendant received the undivided allegiance of his counsel." 46 Ill. 2d 266, 268.

There was a similar conflict in the instant case. The public defender was required to perform a balancing act in which the interests of one and then the other of his clients came first since it was impossible for him to give full and equal weight to the interests of both. The testimony of Jerry Powell was an important element in the State's case against Dennis Augustus. It was certainly not in Augustus' interest for Powell to plead guilty and testify. At the same time the attorney could not urge Powell to go to trial, thus depriving the State of his testimony in contravention of Powell's right to plead guilty in expectation of a lesser sentence. As in *Johnson*, under these circumstances it cannot be said that the defendant received the undivided allegiance of his counsel.

The defendant urges several other errors he asserts were prejudicial and entitle him to a new trial. However, since we have concluded that *Ware* and *Johnson* require reversal we will not consider the additional matters.

Judgment reversed and cause remanded for a new trial at which defendant is to be represented by counsel other than the public defender.

Reversed and remanded.

KARNS, P. J., and G. J. MORAN, J., concur.