THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANNY R. HALLUIN, Defendant-Appellant.

Fifth District No. 75-44

Opinion filed March 12, 1976.

Stephen P. Hurley and John H. Reid, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Richard S. Simpson, State's Attorney, of Lawrenceville (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The defendant, Danny Halluin, appeals from a judgment of the circuit court of Lawrence County, entered upon the verdict of a jury, which convicted him of two arsons. Defendant presents four grounds for reversal. Only two of the defendant's contentions need be considered in this opinion. First, the defendant contends that a denial of the effective assistance of counsel resulted from his appointed attorney's representation of a co-defendant who pled guilty and, after being sentenced, became a witness for the State against the defendant. A second ground for reversal is predicated on the trial court's denial of defendant's motion to try separately the two counts of arson. The first contention of the defendant necessitates reversal.

Defendant does not challenge the sufficiency of the evidence, therefore, we need only briefly outline the evidence bearing directly on the defendant's particular contentions.

Defendant Halluin and his co-defendant Trainer were jointly indicated for burglary, theft and two counts of arson. One attorney was appointed to represent both defendants. Throughout the pretrial proceedings, the defendants were jointly represented. On September 23, 1974, Halluin's co-defendant entered guilty pleas to all of these charges plus three unrelated charges. On September 26, 1974, defendant went to trial represented by the same appointed attorney. The co-defendant Trainer appeared as a principal witness for the State and testified as to Halluin's involvement. The record before the court does not explicitly indicate that the co-defendant's testimony was made a part of the plea bargain. At the trial, Halluin's attorney cross-examined Trainer and challenged the credibility of this witness in his closing argument. Halluin's contention is basically that the joint representation vitiated the attorney's ability to defend him.

Illinois has adopted a per se rule of reversal where counsel's conflict of interest arises from a commitment to others. (*People v. Cross*, 30 Ill. App. 3d 199, 331 N.E.2d 643; *People v. Fuller*, 21 Ill. App. 3d 437, 315 N.E.2d 687.) Appellant has cited us to several cases illustrating the application of this rule. Most of these cases do not, however, clearly answer the problem presented in the present case because they involve situations in which the attorney due to a conflict of interest might well have been unwilling to represent the defendant effectively.[1] In the

---

[1] See, *e.g.*, *People v. Meyers*, 46 Ill. 2d 149, 263 N.E.2d 81 (defendant's wife's dramshop action represented by same attorney on contingent fee basis); *People v. Stoval*, 40 Ill. 2d 109, 239 N.E.2d 441 (attorney represented both burglar and store burglarized); *People v. Richardson*, 7 Ill. App. 3d 367, 287 N.E.2d 517 (facts similar to *People v. Meyers*).

present case the problem appears more as one of inability rather than unwillingness.

We recognize that there need not always be separate attorneys for each of two defendants. Separate counsel are required, however, where the interests of the co-defendants are in fact antagonistic. (*People v. St. Pierre*, 25 Ill. App. 3d 644, 324 N.E.2d 226; *People v. Robinson*, 17 Ill. App. 3d 310, 308 N.E.2d 88.) Antagonistic interests of jointly represented defendants creates a situation violative of the Sixth Amendment to the United States Constitution in which the loyalties of counsel do not lie exclusively with either client. *United States v. Mandell* (7th Cir. 1975), 525 F.2d 671; *United States v. Jeffers* (7th Cir. 1975), 520 F.2d 1256.

The difficulty in the present case lies in determining whether the positions of the two defendants were sufficiently antagonistic to demand reversal. Most of the cases verbalizing the "antagonistic position" principle are ones in which certain situations were found not to involve antagonistic positions.[2] Research has unearthed no case exactly parallel to the present case. In a few cases it has been suggested that "the admission of guilt by one co-defendant does not in and of itself show that his position is antagonistic to another co-defendant." (*People v. Barren*, 32 Ill. App. 3d 78, 81, 335 N.E.2d 779; *People v. Husar*, 22 Ill. App. 3d 758, 318 N.E.2d 24; *People v. Bass*, 101 Ill. App. 2d 259, 243 N.E.2d 305.) These cases are not, however, determinative of the present case. In *Husar* and *Bass*, the confessing co-defendants insisted that the other defendants were not involved in the crime. In *Barren*, the confessing co-defendant did not testify at the trial of the defendant. In the present case, the co-defendant pled guilty and was sentenced, and then appeared as the sole witness directly placing Halluin at the scene of the arsons.

· Other cases introduce the motion of a "position of ambivalence." The germinative case among these is *People v. Ware*, 39 Ill. 2d 66, 233 N.E. 2d 421. In *Ware*, one co-defendant, O'Farrell, pled guilty and before being sentenced appeared as a witness for the State against another defendant. In reversing the other defendant's conviction, the Illinois Supreme Court noted the attorney's continuing obligation to O'Farrell to persuade the trial court that his testimony was truthful and deserving

---

[2] See, *e.g.*, *People v. St. Pierre* (not antagonistic defenses, statement merely corroborated defendant's incriminating testimony); *People v. Robinson* (complaining defendant pled guilty); *People v. Smith*, 19 Ill. App. 3d 138, 310 N.E.2d 818 (both defendants used alibi defense and did not attempt to incriminate each other); *People v. Dickens*, 19 Ill. App. 3d 419, 311 N.E.2d 705 (neither defendant testified and no showing that defenses were completely antagonistic); *People v. Cheatham*, 6 Ill. App. 3d 1079, 286 N.E.2d 597 (both defendants pled guilty).

of consideration in fixing his punishment. The positions of the defendants were found to be antagonistic.

The *Ware* case was distinguished in *People v. Forbis,* 12 Ill. App. 3d 536, 298 N.E.2d 771. In *Forbis,* an alleged accomplice, Brown, after having been both tried and sentenced, testified against the defendant. The *Forbis* court in affirming the defendant's conviction found "no position of ambivalence" arising from Forbis' attorney's prior representation of Brown because Brown "had nothing to gain in testifying against the defendant." (12 Ill. App. 3d 536, 549, 298 N.E.2d 771, 774.) The focus of the *Forbis* court seems slightly distorted.[3] In the present case, as in *Ware* and *Forbis,* it is the nonconfessing defendant who asserts ineffective assistance of counsel. His claim is that the appointed attorney was unable effectively to cross-examine and impeach the testifying co-defendant because impeaching material would have been acquired while the attorney and the co-defendant were in an attorney-client relationship. The validity of this argument does not depend on whether the testifying defendant had anything further to gain or to protect by testifying. The confidentiality of attorney-client communications persists after sentencing of the client. See *People v. Ryan,* 30 Ill. 2d 456, 197 N.E.2d 15; *In re Estate of Busse,* 332 Ill. App. 258, 75 N.E.2d 36.

The argument advanced by defendant Halluin in the present case is a valid one. In *People v. Barren,* the confessing co-defendant did not testify against the defendant, but the court recognized the dilemma that would have resulted if he had testified. The *Barren* court said:

---

[3] The opinion of the Illinois Supreme Court in *People v. Johnson,* 46 Ill. 2d 266, 265 N.E.2d 869, which antedated, but was not cited by, *People v. Forbis,* contradicts *People v. Forbis.* In *People v. Johnson,* the Illinois Supreme Court said:

"In *People v. Ware,* 39 Ill. 2d 66, the same attorney represented the defendant and a co-defendant. The co-defendant pleaded guilty and, before he was sentenced, appeared as a witness for the People and gave testimony against the defendant. We held that counsel of necessity had to assume a position of ambivalence toward the defendant and that there was a complete antagonism between the positions of the defendant and the co-defendant. Here the public defender's client, Lewis, did not plead guilty and testify for the State in the expectation of a favorable sentence as in the *Ware* case; he obtained complete immunity and the dismissal of the charges against him. We are unable to completely accept the State's argument that the dismissal of the indictment against Lewis terminated the attorney-client relationship between him and the public defender and that therefore no conflict of interest existed. This approach puts form above substance. While it may be true, technically, that the attorney-client relationship was severed, the fact remains that one of the public defender's clients went free and testified against the defendant who was sentenced to the penitentiary. Under these circumstances it cannot be said that defendant received the undivided allegiance of his counsel. We are of the opinion that a new trial is required." 46 Ill. 2d 266, 267-68.

"The only adverse effect as to Barren from such asserted conflict of interest would necessarily be the result of a circumstance in which Teague might testify as against defendant Barren, and defense counsel might find it difficult to cross-examine him." (32 Ill. App. 3d 78, 80, 335 N.E.2d 779, 781.)

The situation foreshadowed in *Barren* has materialized in the present case.

We recognize that a finding of antagonistic interests requiring reversal cannot be based on mere speculation. (*People v. Durley*, 53 Ill. 2d 156, 290 N.E.2d 244; *People v. Husar*.) Defendant Halluin's claim does not involve speculation. Rather, the problem of the inability of the attorney effectively to cross-examine and impeach Halluin's co-defendant and to represent Halluin with undivided allegiance is one inherent in the situation. In the present case, the attorney did cross-examine the co-defendant and generally impugn his credibility in closing argument. The cross-examination, however, appears less than thorough.

In a sense, the present case requires an application of the previously discussed per se reversal rule developed in cases where the alleged conflict of interest stems from a commitment to others. Here the attorney's commitment was not to disclose statements given to him by the co-defendant in the context of their attorney-client relationship. As noted in *Glasser v. United States*, 315 U.S. 60, 70, 86 L. Ed. 680, 699, 62 S. Ct. 457, 465:

"* * * the 'assistance of counsel' guaranteed by the Sixth Amendment contemplates that such assistance be untrammeled and unimpaired by a court order requiring that one lawyer shall simultaneously represent conflicting interests. If the right to the assistance of counsel means less than this, a valued constitutional safeguard is substantially impaired."

The judgment of the circuit court of Lawrence County convicting the defendant on two charges of arson must therefore be reversed on the ground that the defendant was denied the effective assistance of counsel, and the case must be remanded for a new trial on those charges. (See *People v. Johnson*, 46 Ill. 2d 266, 265 N.E.2d 869.) We note that our decision in this case is in agreement with our recent decision in a very similar case. *People v. Augustus*, 36 Ill. App. 3d 75, 343 N.E.2d 272.

It is questionable whether the alleged arsons were part of the "same comprehensive transaction," within the meaning of section 111—4(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a)). (See *People v. Bricker*, 23 Ill. App. 3d 394, 319 N.E.2d 255.) If the defendant now moves for severance of the charges under section

114—8 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—8), he should be granted separate trials on the charges unless the circuit court determines that the alleged arsons were part of the "same comprehensive transaction."

Reversed and remanded with directions.

EBERSPACHER and KARNS, JJ., concur.