THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* YVONE WILDER, Defendant-Appellant.

Fourth District   No. 13968

Opinion filed April 25, 1977.

Richard J. Wilson and Gregory K. Harris, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

In a May 19, 1976, jury trial, defendant, Yvone Wilder, was found guilty of theft of property having a value not exceeding $150 (second offense), a violation of section 16—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). She was sentenced to a 1- to 3-year indeterminate imprisonment term. On appeal, defendant contends that she was ineffectively represented by counsel, that improper prejudicial testimony and argument were presented to the jury, and that she was improperly sentenced.

On February 21, 1976, defendant, Mary Watkins, and Gail Lamb were separately charged by information with theft of property not exceeding $150. The three had been arrested by a discount store detective, William Hoelsen, who had witnessed the trio secrete unpaid-for store merchandise in their purses and then attempt to leave the store premises. In a statement to the police, Watkins denied any criminal activity but stated that she was aware that defendant was shoplifting. At all times defendant denied the shoplifting charges against her. At Watkins' arraignment, the trial court appointed the Macon County public defender to represent her. At defendant's arraignment the trial court directed defendant to obtain private counsel. After she proved unable to retain private counsel, the trial court appointed the public defender for her. Throughout this period, the trial court was aware of the possible conflict of interest in the public defender's representation of both defendant and Watkins. Consequently, the trial court ordered separate trials for the two. At an April 19, 1976, hearing, Watkins pleaded guilty to the offense as charged. Watkins did not testify nor were any of her statements introduced at defendant's May 19, 1976, trial.

■■■ On appeal, the defendant first argues that the public defender owed loyalty to Mary Watkins and to her and, since their defenses conflicted, he was rendered incapable of providing effective assistance of counsel. In Illinois ineffective assistance of counsel results where the representation is so poor as to amount to no representation at all or reduces the proceedings to a farce or mockery. (*People v. Torres* (1973), 54 Ill. 2d 384, 297 N.E.2d 142; *People v. Brown* (1975), 30 Ill. App. 3d 149,

333 N.E.2d 45.) It is axiomatic that a defendant's fundamental right to effective assistance of counsel requires that his attorney not represent conflicting interests or undertake the discharge of inconsistent duties. (*Glasser v. United States* (1944), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457.) Illinois courts have recognized that some situations may exist where joint representation of co-defendants creates a conflict of interest requiring reversal. (*People v. Johnson* (1970), 46 Ill. 2d 266, 265 N.E.2d 869; *People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421; see also *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569.) Clearly such a conflict exists where one defendant testifies at the trial of the other or at a joint trial in a manner antagonistic to the interests of the other defendant, or where two defendants assert antagonistic defenses at a joint trial. There is no inherent conflict of interest where several defendants are represented by the same counsel and assert inconsistent defenses at separate trials so long as one does not testify against the other. (See *Johnson; Ware; People v. McCasle* (1966), 35 Ill. 2d 552, 221 N.E.2d 227; *People v. Halluin* (1976), 36 Ill. App. 3d 556, 344 N.E.2d 579.) In the instant case, the accused were separately tried and Watkins did not testify against defendant.

We also do not find any actual prejudice attaching to defendant's cause by the dual representation. Defendant's counsel did not render his services from a duplicitous position, nor was his ability to perform as a vigorous advocate inhibited, nor was counsel hobbled or fettered by any commitment to his previously convicted client. (See *People v. Richardson* (1972), 7 Ill. App. 3d 367, 287 N.E.2d 517.) Indicative of counsel's freedom to pursue defendant's cause is his opening statement where he suggests that Watkins and Lamb were the only guilty parties. Also, during trial, defendant's counsel was able to vigorously challenge the State's evidence. Defendant also does not contend that she was unaware of a possible conflict of interest in the public defender's representation. Indeed, she was present when the public defender, State's Attorney and trial court enunciated their fear of a possible conflict of interest. The trial court urged defendant to retain separate counsel but the defendant insisted that she could not afford any but court-appointed counsel. To foreclose any possible conflict of interest the trial court properly ordered separate trials for Watkins and defendant. (See *People v. Wilson* (1963), 29 Ill. 2d 82, 193 N.E.2d 449; *People v. Walsh* (1963), 28 Ill. 2d 405, 192 N.E.2d 843.) Under these circumstances we see no reason to find that the representation provided by the public defender constituted ineffective assistance of counsel.

Defendant next contends that she was deprived of a fair trial because the State's sole witness, William Hoelzen, testified that the defendant had been previously arrested for shoplifting in a prior unrelated incident. During cross-examination of Hoelzen, the following colloquy ensued:

"[PUBLIC DEFENDER]: Was there a number of other people in and out of the parking lot at that time?

[HOELZEN]: Yes.

[PUBLIC DEFENDER]: Now when you went out in the parking lot and saw three ladies out there, there wasn't anything unusual about that, was there?

[HOELZEN]: No, but we have apprehended the three before previously for shoplifting."

■■  It is well established that where defense counsel elicits testimony on cross-examination, the defendant cannot complain concerning that which is elicited. (*People v. George* (1971), 49 Ill. 2d 372, 379, 274 N.E.2d 26, 30; *People v. Halteman* (1956), 10 Ill. 2d 74, 139 N.E.2d 286.) In the instant case defense counsel sought to discover why Hoelzen's attention was focused on the three women. The witness answered directly, stating why his attention was so directed. We find no error.

During trial, the defendant was her sole witness. She professed no knowledge of the stolen items and stated that she was not involved in the theft. During his closing remarks, the prosecutor commented on the credibility of his own witness, Hoelzen, and then stated: "There are lots of reasons not to believe the defendant. She's already been convicted of theft." Because of the nature of the offense, second offense theft, the jury had already been informed that the defendant had been previously convicted of theft.

■■  The defendant contends that the prosecutor's statement unduly prejudiced her and deprived her of a fair trial. It is well established that the State may impeach a defendant's testimony by proof of a prior misdemeanor theft conviction if the defendant has testified in his or her own behalf. (*People v. Ray* (1976), 36 Ill. App. 3d 283, 343 N.E.2d 560; *People v. Kreisa* (1974), 24 Ill. App. 3d 832, 321 N.E.2d 322 (abstract).) In this case the defendant's prior conviction was not only already before the jury but the defendant had testified in her own behalf. Consequently, we find no prejudice attaching as a result of the prosecutor's statement.

Defendant's last contention is that the trial court erred when it failed to sentence defendant to periodic imprisonment. The record discloses that the judge did consider sentencing alternatives and concluded upon the minimum penitentiary sentence. See *People v. Branom* (1975), 29 Ill. App. 3d 258, 330 N.E.2d 260.

Accordingly, for the above stated reasons we affirm the defendant's conviction and sentence.

Affirmed.

CRAVEN, P. J., and TRAPP, J., concur.