THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES LLOYD PENLAND, Defendant-Appellant.

Fourth District  No. 14840

Opinion filed October 12, 1978.—Rehearing denied November 8, 1978.

Richard J. Wilson and Dave Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Frances C. Hulin, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

On June 28, 1977, in the circuit court of Macon County, a judgment was entered on a jury verdict finding defendant James Lloyd Penland guilty of

the offense of unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(7)) in that he knowingly possessed a shotgun having a barrel less than 18 inches in length. On January 12, 1978, the court sentenced defendant to 2 to 6 years' imprisonment.

On appeal defendant asserts that: (1) he was denied effective assistance of counsel because his attorney represented a codefendant with an antagonistic defense; (2) the court erred when, upon learning of that conflict, it failed to appoint separate counsel or ascertain whether such counsel was necessary; (3) improper rebuttal evidence was introduced by the State; (4) he was denied a fair trial by the failure of the State to give specially requested discovery; and (5) points 3 and 4 taken together constituted cumulative reversible error.

Defendant and his wife, Cynthia Louise Penland, were jointly charged by information with the instant offense and with other offenses for which charges were later dismissed and which are not pertinent here. The record indicates that counsel of their own choosing entered his appearance on their behalf. Before trial a motion for severance was presented by Cynthia Louise Penland which stated in part:

"2. Cynthia Penland's defense is antagonistic to the defense of the Co-Defendant, James L. Penland, in that certain newly discovered evidence has been made known to the Defendants and their counsel which would indicate that James L. Penland alone may have possessed the weapon referred to in Count One of the information filed in this cause.

＊　＊　＊

4. That if the above evidence is received by the court in a trial in this matter, trial counsel in defense of Cynthia Penland would be forced to make comment upon said evidence which would be detrimental to the interests of James L. Penland."

The record on appeal does not contain any report of proceedings concerning the presentation of and hearing on the motion to sever. The docket sheet shows that the State made no objection to the motion and that the motion was allowed. The docket sheet also shows that charges against Cynthia Louise Penland were still pending at the time of defendant's trial.

The essence of the State's case was the testimony of a deputy sheriff who, in the execution of a search warrant involving another charge, found a shotgun of the statutorily prohibited dimensions in an apartment where defendant and his wife were stated to live and the testimony of the manager of that apartment complex who stated that defendant had told him that he had a shotgun which could be used against prowlers. Defendant did not testify at trial and Cynthia Louise Penland testified for the defense but only as to a collateral impeachment issue. The defense

was based upon the circumstantial nature of the State's case and the testimony of friends of defendant who stated that they knew defendant well, had visited in his home and had never seen him with a shotgun.

■■ The problem of conflicts of interest arising from representation by one counsel of multiple defendants charged with the same offense has concerned the courts for some time and has undergone the scrutiny of the United States Supreme Court recently in *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173, and that of the Illinois Supreme Court in *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227. *Holloway* ruled that mere joint representation is not of itself impermissible but that if defense counsel represents to the court that conflicts of interest prevent him from representing more than one defendant, the court is required to permit him to withdraw from representation of the other defendant, or at least to conduct an inquiry to determine if such action is necessary. *Precup* ruled that when the issue of a conflict by counsel is raised for the first time on appeal, reversal should be ordered for that reason only when plain error occurs. In ruling plain error to have not occurred, the court emphasized that the inconsistency in the defenses of two jointly represented defendants came to the attention of the trial court, if at all, only in the trial and at a time when the trial court's *sua sponte* intervention by declaration of a mistrial would have created double jeopardy problems.

The motion for a severance by Cynthia Penland gave the trial court pretrial notice of inconsistent defenses. Such was lacking in *Precup*. Here, however, unlike in either *Holloway* or *Precup*, the cases were severed for trial. Neither of those cases discusses the effect that severance might have on the propriety of dual representation by the same counsel. That question has been discussed recently in *People v. Wilder* (1977), 48 Ill. App. 3d 13, 362 N.E.2d 436, and *People v. Frey* (1977), 50 Ill. App. 3d 437, 365 N.E.2d 283. In *Wilder*, the same attorney represented two defendants charged with the same offense but prosecuted in separate cases. The other defendant had pleaded guilty before the appealing defendant was tried but did not testify at the trial. This court ruled that inconsistent defenses of the defendants did not constitute a conflict of interest for the joint counsel where neither testified in the trial of the other and they were not tried together. In *Frey*, joint counsel participated in the presentation of a guilty plea by the appealing defendant after he had arranged a bargain of immunity for the other defendant in exchange for that defendant's testimony against the appealing defendant. That appellate court reversed the conviction on the basis of a conflict of interest by joint counsel although no combined trial was held and the other defendant did not actually testify against the appealing defendant.

■■ Defendant maintains that although Cynthia Penland did not testify

against him and they were not tried together, his trial counsel's duty to her might have kept that counsel from negotiating favorable treatment for him in exchange for testimony against her. The motion for severance does not indicate that to be likely. The thrust of that motion was that counsel had information favorable to Cynthia which a joint trial would prevent him from using for her benefit. The motion did not indicate that counsel had information antagonistic to her which could be used for bargaining purposes by defendant. The information giving rise to the motion was stated to be newly discovered and, therefore, would not appear to involve the testimony of either party. Actually, because the tenor of the motion was that inconsistent defenses were revealed for the first time when the newly discovered evidence was obtained, the motion would indicate that the testimony of defendant and Cynthia Penland would not be inconsistent if they testified. The facts of the case are such that either of them would have incentive to testify to facts placing the guilt on the other but that does not of itself create inconsistent defenses.

■■ Defendant also argues that the motion for severance alleging inconsistent defenses had the same effect as the motion by counsel in *Holloway* and required at least an inquiry by the trial court as to whether dual representation would be proper even after a severance. However, *Holloway* stressed that the motion there mandated action by the court because great weight should be given to the request of the attorney who was in a superior position to judge whether a conflict of interest problem existed. Here, because the counsel asked only for a severance, the implication given by the motion was that counsel felt that conflict of interest problems would be overcome if a severance was granted. The motion did set forth the existence of inconsistent defenses but that, of itself, does not create a conflict of interest for the counsel representing both defendants where, as here, they are not tried together and neither testified against the other. *Frey* is distinguishable from the situation of the Penlands because there the threat of one defendant testifying against the other induced the guilty plea.

Defendant's argument that the trial court erred in failing to inquire about defense counsel's possible conflict of interest is hampered here because no report of the proceedings upon the presentation of the motion to sever is contained in the record. Thus we do not know whether the court made some inquiry or whether any conflict might have been waived. Neither do we know whether a waiver took place which was not of record. Such problems are inherent in ruling upon allegations of conflict of interest of counsel when the issue is raised for the first time on appeal.

We have reviewed a substantial number of criminal appeals where questions have been raised as to a conflict of interest by counsel

representing more than one defendant. Because of the problems that may arise even unexpectedly, we conclude that such representation beyond the preliminary stages of a case should be viewed with caution and undertaken only in a limited number of cases and then only after obtaining informed consent by the clients. (See A.B.A. Standards, The Defense Function §3.5 (1971).) Inquiry by the trial court as to the existence of a conflict of interest arising from dual representation is difficult because of the defendant's fifth amendment privileges but indication in a record that the question has been brought to the attention of the defendants is of aid to the reviewing court.

From our consideration of the record before us and the precedent of the cases most closely on point, we find no plain error to have arisen from the dual representation by defense counsel of both James and Cynthia Penland. The record is not sufficient to determine the extent of any inquiry made by the trial court to determine if a conflict of interest existed. Even if no such inquiry was made, that would not be plain error.

During rebuttal, the State, over objection, was permitted to present testimony that in January 1977, defendant was seen in a discotheque in the possession of a shotgun. The testimony was proper rebuttal to defense testimony of witnesses that they had seen no evidence that defendant possessed such a weapon. Defendant's claim of error on this point is without merit.

Prior to trial the State had been ordered to give discovery of reports of scientific tests performed upon evidence. A test for fingerprints had been run on the sawed-off shotgun found in the apartment but for some reason this was not timely furnished to defendant. However, the results of the test were that no latent prints of value could be found on the weapon. The report was thus neutral. Even when the State fails to furnish the defendant with discovery of specifically requested items favorable to the defense, a new trial is required only "if there is any reasonable likelihood" that the withheld information "could have affected" the verdict (*United States v. Agurs* (1976), 427 U.S. 97, 103, 49 L. Ed. 2d 342, 349-50, 96 S. Ct. 2392, 2397). The neutral evidence here could not have affected the verdict.

As no error arose from the introduction of the rebuttal evidence, it did not add to the error that occurred because of the failure of the State to produce the fingerprint report. No cumulative error arose from the two issues.

We affirm.

Affirmed.

MILLS and TRAPP, JJ., concur.