THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BOBBY CADE *et al.*, Defendants-Appellants.

First District (4th Division)    No. 80-1144

Opinion filed June 11, 1981.

James J. Doherty, Public Defender, of Chicago (John Lanahan, Assistant Public Defender, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Adam N. Stillo, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The defendants, Bobby Cade and Gregory DeBarry, were charged by information with armed robbery and possession of codeine. Following a joint jury trial at which Cade and DeBarry were represented by the same counsel, both defendants were convicted of armed robbery and acquitted of possession of codeine.

Cade was sentenced to a term of 8 years. DeBarry was sentenced to a term of 12 years. Cade and DeBarry each allegedly made a statement to the police which implicated the other defendant as the offender. The manner in which these statements were brought into evidence and the implications arising from their admission form the substance of this appeal. Cade argues that when DeBarry's statement was admitted, Cade was denied effective assistance of counsel because his attorney could not exercise his right to confront DeBarry concerning DeBarry's statement without at the same time impeaching his other client, DeBarry. DeBarry's points on appeal concern Cade's alleged out-of-court statement. DeBarry argues that he was denied a fair trial because the introduction into evidence of Cade's alleged out-of-court statement violated an agreement between the State and the defense that the statement would not be admitted. DeBarry also argues that once Cade's statement implicating DeBarry was admitted, his attorney could not protect DeBarry's right to confront Cade without violating Cade's right not to testify. DeBarry makes no argument concerning his own alleged out-of-court statement.

Because of the particular issues on appeal the facts of the occurrence need not be stated at length. The victim testified that he was robbed by Cade and DeBarry and that Cade held a gun during the robbery. The victim and several other witnesses testified that the defendants fled and the police were called. The defendants were located at a hotel and were apprehended after they jumped from a hotel room window.

The State agreed to excise that portion of each defendant's statement where each defendant implicated the other. This agreement extended only to direct examination of the police by the State in its case in chief. Chicago Police Sergeant Thorne testified that DeBarry stated to him, "I was there, I didn't have no gun and I didn't take no money." Cade also

stated that he did not have a gun and that he did not take any money. Thorne was asked if Cade said anything else. Thorne stated "He implicated _____." Defense counsel moved for a mistrial. The motion was denied. Thorne was then asked if Cade stated whether he was present at the time of the robbery. Thorne responded "He said Mr. DeBarry _____." Defense counsel objected and his objection was overruled. Thorne stated that a formal, written statement had not been taken from the defendants.

DeBarry testified on his own behalf. He admitted being at the scene of the robbery with Cade. He went to purchase marijuana. Unable to purchase any he left. After leaving, he and Cade went to a room at a hotel to purchase marijuana. The police arrived while they were in the apartment. He and Cade were afraid and jumped out of the window. He had not seen anyone with a gun that evening.

On cross-examination DeBarry admitted making a statement to the police. He denied that he told Thorne he was at the scene when Cade robbed Brown but that he had done nothing himself. Defense counsel objected. He sought to limit cross-examination to the excised statement. The prosecutor argued that once DeBarry took the stand and denied making the statement the excised portion of the statement could be used for impeachment. The trial court overruled the defense objections. DeBarry again denied telling Thorne that he was with Cade at the time of the robbery but took no part.

On rebuttal Thorne testified that DeBarry told him "he [DeBarry] was there" but "Cade is the one that had the gun, and Cade is the one that took the money." Following closing arguments the jury was instructed that an admission could not be used against any defendant other than the one who made it.

Cade argues on appeal that he was denied his constitutional right to confront DeBarry concerning the statement allegedly made to Thorne because defense counsel could not exercise this right on behalf of Cade without at the same time impeaching his other client, DeBarry. DeBarry makes no argument concerning his alleged out-of-court statement to Thorne.

DeBarry took the stand in his own defense and denied making an alleged out-of-court statement which implicated Cade. In *Nelson v. O'Neil* (1971), 402 U.S. 622, 29 L. Ed. 2d 222, 91 S. Ct. 1723, the Supreme Court held that where a co-defendant testifies in his own behalf and denies making an alleged *out*-of-court statement which implicated the defendant, the right to confront is not denied "as long as the declarant is testifying as a witness and subject to full and effective cross-examination." However, in *Nelson*, unlike here, counsel for the defendant was free to cross-examine the witness. In contrast, Cade's attorney was not free to

cross-examine DeBarry. Because of the joint representation here, DeBarry was not subject to full and effective cross-examination concerning the alleged out-of-court statement and the effect of the joint representation was to deny Cade his constitutionally protected right to confront witnesses against him.

The State argues that since DeBarry denied making the statement which implicated Cade there was no need for cross-examination. It is the State's contention that "there was absolutely no need" to impeach DeBarry since DeBarry's testimony at trial was consistent with Cade's defense that Cade was not involved in the robbery.

■■ However, the State introduced a statement attributable to DeBarry that Cade had held the gun during the robbery and taken the victim's money. While DeBarry denied making the statement, the jury may still have believed Thorne's testimony that such a statement was made and may have believed that DeBarry was telling the truth at the time he made the statement to Thorne. While it is not presumed that the interests of criminal co-defendants are necessarily hostile (*e.g., People v. Durley* (1972), 53 Ill. 2d 156, 290 N.E.2d 244; *People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461), joint representation constitutes a denial of effective assistance of counsel and prejudice is presumed where hostility of interests is shown to exist. (*People. v. Echols* (1978), 74 Ill. 2d 319, 385 N.E.2d 644; *People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421.) When the jury hears the co-defendant's statement implicating the defendant, the co-defendant becomes a "witness" against the defendant and the defendant is constitutionally entitled to have an opportunity to "confront" such a witness. (*Nelson v. O'Neil.*) Thus, DeBarry was a witness against Cade and Cade therefore had the constitutional right to "confront" him. Because defense counsel would necessarily have had to impeach his client DeBarry in order to aggressively and vigorously exercise his client Cade's right to confront a witness against him, we believe there was a material hostility between the interests of Cade and DeBarry. Cade is entitled to a new trial.

Defendant DeBarry contends that he was denied a fair trial because the volunteered answers of Officer Thorne to the State's questioning violated an agreement between the State and the defense to excise those portions of Cade's statement to the police which implicated DeBarry. He also contends that once the statements were made defense counsel could not then protect DeBarry's right to confront his accuser without violating Cade's right not to testify.

■■ After testifying to the excised portion of Cade's statement as was agreed, Thorne was asked if Cade said anything else. Thorne answered "He implicated _____." Thorne was then asked if Cade stated whether he was present at the time of the robbery. Thorne responded "He said Mr.

DeBarry _____." We do not believe that Thorne's statements established that Cade implicated DeBarry as the offender. Defense counsel objected before any complete statement could be made, and Thorne's interrupted half-sentences do not implicate DeBarry as the person who committed the robbery. We therefore find that the State did not violate its agreement that only the excised portion of Cade's statement would be admitted. Accordingly, we need not consider DeBarry's contention that the violation of the agreement resulted in a denial of his confrontation rights.

For the reasons set forth above defendant Cade's conviction is reversed and the cause is remanded for a new trial. Defendant DeBarry's conviction is affirmed.

Reversed and remanded as to defendant Cade.

Affirmed as to defendant DeBarry.

ROMITI, P. J., and JOHNSON, J., concur.