THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT MARTINEZ, Defendant-Appellant.

First District (2nd Division)    No. 80-2049

Opinion filed March 9, 1982.

Nicholas F. Maniscalco, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Joel A. Stein, and Frank Castiglione, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Petitioner Robert Martinez appeals from the denial of his petition for a post-conviction hearing. In his post-conviction petition, Martinez raised one constitutional claim: that he was denied the effective assistance of counsel because of his attorneys' conflicts of interest. Petitioner's trial and appellate counsel had also represented a co-defendant who was separately tried and convicted for the same crimes. Further, one of petitioner's trial attorneys had previously represented the State's principal witness against petitioner.

Following a jury trial, petitioner was convicted of conspiracy, aggravated kidnapping and murder in connection with the death, on October 1, 1972, of Hillside patrolman Anthony Raymond. Petitioner's trial attorneys were Sam Adam and James Cutrone. Silas Fletcher, also charged with the murder of Raymond, had already been convicted in a separate trial. Fletcher had been represented at trial by Adam and Cutrone. At the time of petitioner's trial, Fletcher's appeal was pending. Cutrone represented Fletcher on appeal.

The principal witness against petitioner was Vincent McCabe. On two prior occasions, McCabe, represented by Cutrone, had appeared before a grand jury and denied knowledge of the crimes. At petitioner's trial, McCabe retracted his earlier denials and testified in detail concerning petitioner's alleged admissions regarding Raymond's kidnapping and murder. At the time of trial, McCabe was participating in the Federal Witness Protection Program. Petitioner was convicted and sentenced to 75-150 years' imprisonment. On direct appeal, his conviction was affirmed. (*People v. Martinez* (1978), 62 Ill. App. 3d 7, 377 N.E.2d 1222.) Petitioner was represented on appeal by Sam Adam.

██ The State argues that petitioner's claim of ineffective assistance of counsel must be held waived because petitioner failed to raise the point on direct appeal from his conviction. This argument overlooks the obvious: if petitioner's representation at trial was ineffective, he could hardly rely on his appellate counsel (one of the trial attorneys) to argue that claim. In a similar situation, we recently held that an error not raised earlier was not waived for a post-conviction petition where the issue in the post-conviction proceeding was previous counsel's incompetence for failing to make a timely assignment of error. See *People v. Talley* (1981), 97 Ill. App. 3d 439, 442, 422 N.E.2d 1084.

■■ In *Cuyler v. Sullivan* (1980), 446 U.S. 335, 64 L. Ed. 2d 333, 100 S. Ct. 1708, the Supreme Court considered a post-conviction claim that joint representation of co-defendants created a conflict of interest and impaired the defendant's representation. The court stated:

> "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." (446 U.S. 335, 348, 64 L. Ed. 2d 333, 346-47, 100 S. Ct. 1708, 1718.)

Petitioner made no objection at trial concerning his representation. It is therefore incumbent upon him to show that an "actual conflict of interest" impaired his attorneys' efforts. In *People v. Berland* (1978), 74 Ill. 2d 286, 385 N.E.2d 649, *cert. denied* (1979), 444 U.S. 833, 62 L. Ed. 2d 42, 100 S. Ct. 64, our supreme court held that the conflict shown must be *actual*; speculative or hypothetical conflicts are insufficient. 74 Ill. 2d 286, 301.

We find it helpful in this regard to review some of the situations that Illinois courts have found to create "actual" conflicts of interest. (1) In a joint trial, the same attorney cannot represent two co-defendants who have antagonistic defenses. (*People v. Wilder* (1977), 48 Ill. App. 3d 13, 15, 362 N.E.2d 436.) (2) In a joint trial, a defendant whose testimony is antagonistic to the interest of a co-defendant has a conflict of interest with that co-defendant. The same principle applies to separate trials if one defendant testifies at the trial of the other. (*People v. Wilder* (1977), 48 Ill. App. 3d 13, 15.) (3) In a joint trial, where one defendant's out-of-court statement is introduced against the other defendant, there is an actual conflict of interest even though the declarant may deny making the statement. In this situation, the defense has been impaired because the attorney for both defendants cannot adequately impeach the defendant who made the statement. (*People v. Cade* (1981), 97 Ill. App. 3d 354, 357, 422 N.E.2d 1002.) (4) Where an attorney successfully argues for the exclusion of fingerprint evidence and the evidence tends to exculpate one defendant but incriminate a co-defendant, there is an actual conflict of interest in joint representation. *People v. Echols* (1978), 74 Ill. 2d 319, 325, 328, 385 N.E.2d 644.

The foregoing cases illustrate that an actual conflict of interest occurs when an attorney, without the knowledge and consent of his client, has divided loyalties and when his commitments to others measurably impair his ability to channel his full talents toward acquittal of his client. (See *People v. Hope* (1981), 96 Ill. App. 3d 180, 184, 420 N.E.2d 1171; see also *Porter v. United States* (5th Cir. 1962), 298 F.2d 461, 463, quoted with approval in *People v. Stoval* (1968), 40 Ill. 2d 109, 111-12, 239 N.E.2d 441.) Petitioner's allegations of actual conflict of interest are reducible to three points: (1) his attorneys did not call Silas Fletcher to rebut McCabe's

testimony implicating petitioner; (2) because of the prior attorney-client relationship with McCabe, petitioner's attorneys did not rebut McCabe's testimony; (3) the attorneys did not call petitioner to testify in his own defense.

Although the defense called no witnesses at trial, petitioner has, in an affidavit prepared in support of his post-conviction petition, denied involvement in Raymond's murder. Petitioner states that he had no connection with the killing or the preceding robbery of a restaurant but came to Silas Fletcher's house as Fletcher was preparing to take Raymond's body, then in a steel drum, to the Wisconsin farm where the body was eventually found. Silas Fletcher also prepared an affidavit in support of petitioner's post-conviction petition, confirming petitioner's account. Fletcher's affidavit states that Martinez had no involvement in the robbery or murder; Martinez came to Fletcher's home and, at Fletcher's insistence, accompanied Fletcher (and the makeshift coffin) to the Wisconsin farm. Petitioner now contends that Fletcher, if called as a witness, would have testified to Martinez' noninvolvement in the crime and thus rebutted McCabe's testimony.

■■ The claim that Fletcher's testimony, if offered, would have vindicated petitioner is pure speculation. Fletcher's appeal was pending at the time of petitioner's trial. At his own trial, Fletcher denied involvement in the crime and said he was hunting in Wisconsin on the day of the murder. On appeal, Fletcher claimed, *inter alia*, that he was not proved guilty beyond a reasonable doubt. (See *People v. Fletcher* (1978), 59 Ill. App. 3d 310, 313, 375 N.E.2d 1333.) It is, to put it mildly, highly unlikely that Fletcher would have testified during the pendency of his appeal that he had personal knowledge that Martinez was not involved in the crime. Fletcher is currently in the penitentiary serving a 100-200 year term. His affidavit, exculpating a co-defendant at his own expense, is of doubtful value. Nevertheless, the truth of the affidavits is not the issue. The issue is whether the attorneys' failure to call Fletcher demonstrates an actual conflict of interest. The courts of this State "have refused to find hostility between the interests of criminal co-defendants based on the mere possibility that one strategy available to defense counsel would have helped one defendant at the expense of another." *People v. Canales* (1980), 86 Ill. App. 3d 738, 744, 408 N.E.2d 299; see *People v. Echols* (1978), 74 Ill. 2d 319, 327-28.

■■ It is also speculative to claim that independent counsel would have rebutted McCabe's testimony. First, we note that McCabe was no longer Cutrone's client at the time of petitioner's trial. The trial court, in denying petitioner's post-conviction petition, recalled that McCabe was cross-examined at great length and quite thoroughly by both Adam and Cutrone. Most importantly, petitioner has made no showing that any

evidence existed or was known to his attorneys that could have been offered to rebut McCabe's testimony. Under the circumstances, the claim that independent counsel could have done more than petitioner's trial attorneys is wholly conjectural.

■■ Petitioner contends that despite his protests he was not called to testify in his own defense and that this decision was dictated by his attorneys' loyalty to Fletcher and McCabe. As noted above, petitioner did not express his dissatisfaction to the trial court, nor has he shown any evidence of Cutrone's continuing loyalty to McCabe. (*Cf. People v. Hope* (1981), 96 Ill. App. 3d 180, 185 (assertion that attorney might have held confidential information from a prior client is speculation).) Furthermore, the rule as stated in *Canales* and *Echols* again applies: the fact that defense counsel did not choose a strategy that might have helped petitioner at the expense of a co-defendant does not establish an actual conflict of interest. (See *People v. Echols* (1978), 74 Ill. 2d 319; *People v. Canales* (1980), 86 Ill. App. 3d 738, 743-44.) The State's case against petitioner was based on circumstantial evidence and on the testimony of McCabe, an admitted perjurer. The decision to offer no defense was a reasonable tactical decision. This court may not speculate whether independent counsel would have made the same decision. *Cf. People v. Gray* (1980), 87 Ill. App. 3d 142, 152, 408 N.E.2d 1150, *cert. denied* (1981), 450 U.S. 1032, 68 L. Ed. 2d 228, 101 S. Ct. 1745 (joint attorney did not advise defendant to testify against her co-defendants; reviewing court would not speculate as to how attorney should have advised defendant).

Petitioner has not met the test set forth in *Berland* and *Cuyler*; he has advanced *possible* conflicts of interest but has shown no *actual* conflict. He has thus failed to establish a deprivation of his sixth amendment right to effective assistance of counsel. The trial court's dismissal of the post-conviction petition was therefore correct and is affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.