THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GUNTIS UTINANS, Defendant-Appellee.

First District (3rd Division)   No. 80-996

Opinion filed March 31, 1982.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard Burke, and Frank Castiglione, Assistant State's Attorneys, of counsel), for the People.

Michael B. Cohen, Steven Ackerman, and Abraham N. Goldman, all of Chicago, for appellee.

JUSTICE McGILLICUDDY delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court of Cook County which reduced the sentences of the defendant, Guntis Utinans.

Following a jury trial the defendant was sentenced to three concurrent terms of 15 to 30 years in the penitentiary for conviction of rape, aggravated kidnapping, and deviate sexual assault. On direct appeal this court affirmed defendant's convictions and sentences. (*People v. Utinans* (1977), 55 Ill. App. 3d 306, 370 N.E.2d 1080.) We expressly rejected defendant's argument that he was penalized by the imposition of an excessive sentence for exercising his right to a jury trial while certain codefendants who pled guilty received less severe sentences. This court noted that the sentences imposed upon the defendant were fully justified by the evidence adduced at trial and the total lack of remorse on the part of the defendant. 55 Ill. App. 3d 306, 325.

Subsequently the defendant filed a petition for post-conviction relief in which he alleged several violations of his constitutional rights. Following an evidentiary hearing the trial court denied defendant's request for relief on March 17, 1980. On March 25, 1980, the defendant filed a document entitled "Motion pursuant to Post-Conviction Act and Section 72" in which he asked the trial court to reduce his sentence. The defendant argued that the codefendants who pled guilty received less severe sentences than he and that this court's holding on the issue of an excessive sentence was erroneous.

At the hearing on this motion the trial court discussed the facts of another trial over which he had presided, *People v. Carroll* (1977), 49 Ill. App. 3d 387, 364 N.E.2d 408. In *Carroll* two defendants were convicted of rape, aggravated kidnapping and deviate sexual assault and sentenced to three concurrent terms of 15 to 30 years. Certain codefendants had pled guilty and received less severe sentences.[1] On appeal the defendants, like the defendant in the instant case, asserted that they were penalized because they elected to go to trial. Although the appellate court rejected this

[1] One of these defendants was one of the defendants who pled guilty in the instant case.

claim, the court reduced the defendants' sentences in response to their argument that their sentences were excessive. This case was decided prior to *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, in which our supreme court held that absent an abuse of discretion by the trial court, a sentence may not be altered upon review.

In referring to *People v. Carroll*, the trial court noted that the reviewing court reduced the sentences in *Carroll* while this court refused to do so in the instant case. The trial court commented:

> "I don't mean the [defendant's] sentence in my judgment was improper. I thought it was an appropriate sentence or I would not have imposed it. But when Utinans, who received the identical sentence, did not get a reduction from the appellate court, it struck me as not fair * * *. I thought it inequitable that some fellows should have their sentences reduced and not the others."

The trial court granted defendant's motion and reduced his sentence to terms of 8 to 16 years, and the State appeals.

■■ The Post-Conviction Hearing Act provides a remedy for imprisoned persons who claim that in their trials substantial Federal or State constitutional rights were violated. (Ill. Rev. Stat. 1979, ch. 38, pars. 122—1 through 122—7; *People v. Stewart* (1978), 66 Ill. App. 3d 342, 383 N.E.2d 1179, *cert. denied* (1979), 441 U.S. 907, 60 L. Ed. 2d 376, 99 S. Ct. 1998.) Proceedings under this Act are not intended to be a device by which issues that could have been raised and considered on the original appeal of a conviction can again be considered or by which issues that have in fact been considered on appeal from the original conviction can be relitigated. *People v. Logan* (1978), 72 Ill. 2d 358, 381 N.E.2d 264.

■■ In his second petition for post-conviction relief, the defendant asked that his sentence be reduced because his codefendants who pled guilty received less severe sentences. This is the identical issue which was raised on direct appeal and rejected by this court. When an issue has been considered and rejected on direct appeal, any reconsideration of this issue in a post-conviction proceeding is barred by the doctrine of *res judicata*. (*People v. Carter* (1980), 85 Ill. App. 3d 818, 407 N.E.2d 584.) Thus, the trial court should have dismissed the defendant's motion.

The defendant contends that the principle of fundamental fairness requires the affirmance of the trial court's modification of his sentence. He argues that it was blatantly unfair for this court to refuse to modify his sentence on direct appeal while another division of this court reduced the defendants' sentences in *Carroll*. The defendant suggests that the trial court *sua sponte* determined that such disparate treatment amounted to a constitutional violation.

■■ We do not believe that there was any reason for the trial court to compare the sentences in *Carroll* and *Utinans*. Although both trials in-

volved rapes by multiple defendants and were presided over by the same trial judge, the two cases involved unrelated criminal activity with different sets of facts. Differences existed between the two victims, such as their age, the amount of brutality and indignities they suffered, and the length of their ordeals. Furthermore, the trial court considered and the appellate court reviewed different evidence and information offered by the defendants in aggravation and mitigation. Because of these differences, we cannot say that the disparity in the results on appeal amounted to a violation of defendant's constitutional rights.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

McNAMARA and RIZZI, JJ., concur.