Tyrone PERRY, Petitioner-Appellant,

v.

J.W. FAIRMAN and Tyrone Fahner, Respondents-Appellees.

Carl D. ADAMS, Petitioner-Appellant,

v.

J.W. FAIRMAN and Tyrone Fahner, Respondents-Appellees.

Nos. 81–2479, 82–1630.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 8, 1983.

Decided March 16, 1983.

Michael B. Nash, Chicago, Ill., for petitioners-appellants.

Ellen M. Flaum, Michael V. Accettura, Asst. Attys. Gen., Chicago, Ill., for respondents-appellees.

Before CUMMINGS, Chief Judge, and WOOD and ESCHBACH, Circuit Judges.

ESCHBACH, Circuit Judge.

In these two appeals we are asked to decide whether the district court correctly dismissed the petitions for writs of habeas corpus because the petitioners have not exhausted presently available state remedies. To decide these appeals, we must examine the Illinois post-conviction statute, Ill.Rev. Stat. ch. 38, § 122–1, and the case law interpreting this provision. In the appeal of Tyrone Perry (No. 81–2479) we conclude that the petitioner can pursue a meaningful remedy in the state courts pursuant to the Illinois post-conviction statute; therefore we affirm the district court's dismissal of the petition. However, in the appeal of Carl Adams (No. 82–1630), we find that the Illinois post-conviction statute does not afford the petitioner a meaningful remedy. We vacate the order dismissing Adams' petition, therefore, and we remand the case for further proceedings.

## I. THE EXHAUSTION REQUIREMENT

■ 28 U.S.C. § 2254(b) states that an "application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." This exhaustion requirement is a reflection of the fact that unnecessary conflicts between federal and state tribunals should be avoided. If a state court, which is bound to guard and protect rights secured by the Constitution, stands prepared to afford a prisoner a meaningful remedy, a federal court must refrain from exercising its habeas corpus jurisdiction. *See Ex Parte Royall,* 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886).

The exhaustion requirement should be distinguished from the waiver doctrine, which also is founded on comity considerations. *See Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). The requirement of § 2254(b) that state remedies be exhausted, refers only to remedies still available at the time of the federal petition. The waiver doctrine, however, is concerned with the situation in which there is no presently available state remedy but the petitioner bypassed an earlier opportunity to have a state court consider his constitutional claim. In such a case, the federal court may decline to exercise its habeas corpus jurisdiction. *See id.* 102 S.Ct. at 1572; *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 at 356 (7th Cir.1983).

These two appeals present exhaustion, not waiver, problems. We must decide, therefore, whether the Illinois courts are presently prepared to give meaningful review to the petitioners' constitutional claims.

## II. THE APPEAL OF CARL ADAMS (No. 82–1630)

■ Petitioner Adams was convicted in an Illinois court of murder, armed robbery, and armed violence. On appeal, Adams made the following arguments: (1) it was error not to tender a voluntary manslaughter instruction based on provocation, (2) his arrest was made illegally, (3) there was insufficient evidence to convict, (4) prejudicial statements of the prosecutor warranted a new trial, and (5) the trial court illegally imposed an extended sentence. An Illinois appellate court found against Adams on all of these claims,[1] *see People v. Adams,* 91 Ill.App.3d 1059, 47 Ill.Dec. 605, 415 N.E.2d

---

1. The appellate court did hold that the prosecutor erred in referring to surviving family members in closing argument. The court concluded, however, that the error was harmless.

610 (1980), and the Illinois Supreme Court denied leave to appeal.

Subsequently, Carl Adams brought this action seeking a writ of habeas corpus. The petition for the writ specified the same five claims that had been rejected by the Illinois appellate court. The district court, reviewing the petition under Rule 4 of the rules governing § 2254 cases, summarily dismissed the petition. The court held that the petitioner has not exhausted his state remedies because "he has not pursued his post-conviction remedies under Ill.Rev.Stat. ch. 38 ¶ 122–1."

Reading only the Illinois post-conviction statute, it would appear that petitioner Adams can presently seek consideration of his constitutional claims in an Illinois court. The statute states that "[a]ny person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States ... may institute a proceeding under this Article." Ill.Rev.Stat. ch. 38, § 122–1. Petitioner Adams need not pursue relief under this statute, however, if the effort would prove futile. *See Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Mattes v. Gagnon,* 700 F.2d 1091 at 1094 n. 1 (7th Cir.1983).

The Illinois courts, in interpreting the post-conviction statute, have rendered efforts to obtain post-conviction relief futile in many instances. In *People v. James,* 46 Ill.2d 71, 263 N.E.2d 5 (1970), the Illinois Supreme Court defined the scope of post-conviction relief:

> We have heretofore consistently held that where a convicted person has appealed from the judgment of conviction, the judgment of the reviewing court makes *res judicata* all issues actually decided by that court and all issues which could have been presented to that court and which were not are considered to have been waived.

46 Ill.2d at 74, 263 N.E.2d at 7. In *United States ex rel. Williams v. Brantley,* 502 F.2d 1383 (7th Cir.1974), we noted this interpretation of Illinois's post-conviction statute

and we held that a petition for a writ of habeas corpus should be dismissed for failure to exhaust this remedy "only if there is direct precedent indicating that under the particular circumstances of a prisoner's case the waiver [and res judicata] doctrine[s] will be relaxed." *Id.* at 1386.

We decline to accept the respondents' invitation to overrule *United States ex rel. Williams v. Brantley* and to require all Illinois prisoners to seek post-conviction relief. Prisoners in Illinois may still not use the post-conviction statute to secure consideration of claims that were raised, or could have been raised, on direct appeal. *See People v. Utinans,* 105 Ill.App.3d 452, 61 Ill.Dec. 347, 434 N.E.2d 500 (1982). The concerns of comity that underpin the exhaustion requirement would not be advanced by requiring prisoners to file for post-conviction relief with the near certainty that no Illinois court would consider their constitutional claims.

In the case of Carl Adams, we can find no direct precedent indicating that the doctrine of res judicata would be relaxed if petitioner Adams sought post-conviction relief in an Illinois court. The claims that Adams presents in his federal petition are the same claims that were rejected by the Illinois appellate court that heard Adams' appeal. Adams' arguments on appeal were based solely on matters within the record and the appellate court decided each claim on the merits. In light of this history it is clear that if the petitioner sought post-conviction relief in an Illinois court, the doctrine of res judicata would be invoked to preclude reconsideration of the claims raised on appeal. *See People v. Utinans,* 105 Ill.App.3d 452, 454, 61 Ill.Dec. 347, 349, 434 N.E.2d 500, 502 (1982); *People v. Smith,* 56 Ill.App.3d 569, 571, 13 Ill.Dec. 829, 831, 371 N.E.2d 921, 923 (1977); *People v. Morris,* 47 Ill.App.3d 732, 735, 8 Ill.Dec. 186, 189, 365 N.E.2d 424, 427 (1977). The district court erred, therefore, in dismissing Adams' petition because he has not sought relief pursuant to the Illinois post-conviction stat-

ute.[2] *See United States ex rel. Clauser v. Shadid,* 677 F.2d 591, 593 (7th Cir.1982); *United States ex rel. Latimore v. Sielaff,* 561 F.2d 691, 693 n. 1 (7th Cir.1977), *cert. denied,* 434 U.S. 1076, 98 S.Ct. 1266, 55 L.Ed.2d 782 (1978); *United States ex rel. Anthony v. Sielaff,* 552 F.2d 588, 589 (7th Cir.1977).

### III. THE APPEAL OF TYRONE PERRY

#### (No. 81–2479)

Petitioner Perry was convicted by an Illinois court of murder and was sentenced to 14 years in prison. On appeal Perry contended that the evidence was insufficient to support his conviction and that the evidence, at best, could only sustain a voluntary manslaughter conviction. The Illinois appellate court disagreed and affirmed Perry's conviction. *See People v. Perry,* 91 Ill.App.3d 988, 47 Ill.Dec. 518, 415 N.E.2d 523 (1980).

Perry then filed for a writ of habeas corpus in the Circuit Court of Livingston County; his petition raised a variety of constitutional claims. The court dismissed Perry's petition apparently because the remedy of habeas corpus is not available in Illinois to review errors of a nonjurisdictional nature, *see People v. Frye,* 42 Ill.2d 58, 60, 245 N.E.2d 483, 484, *cert. denied,* 396 U.S. 912, 90 S.Ct. 227, 24 L.Ed.2d 187 (1969). The dismissal was without prejudice to bringing an action for relief pursuant to the Illinois post-conviction statute.

While a motion was pending in the Illinois court to reconsider the dismissal of his petition for habeas corpus, Perry brought this action in federal court. In his petition for a writ of habeas corpus, Perry raised the following claims: (1) he was denied access to the courts, (2) the sentencing court lacked authority to order his incarceration, (3) the state failed to disclose favorable evidence, and (4) he was denied effective assistance of counsel at trial. The district court, seeming to rely on the fact that the motion for reconsideration was pending in

the Illinois court, summarily dismissed the petition as unexhausted.

We are reluctant to affirm the district court's judgment on the ground that a motion to reconsider the dismissal of Perry's state habeas corpus petition was pending. State courts retain jurisdiction to revise judgments; however, in the context of this case, where the motion to reconsider appeared futile and was subsequently withdrawn, we will not hold that the pending motion precluded the exercise of federal habeas corpus jurisdiction. *Cf. Toney v. Franzen,* 687 F.2d 1016, 1023 (7th Cir.1982). We prefer to affirm the district court's dismissal of Perry's petition on the ground that the Illinois courts presently stand prepared to give meaningful consideration to at least one of the petitioner's constitutional claims.

■ Although Perry did not raise his Sixth Amendment claim of ineffective assistance of counsel on appeal, there is direct precedent indicating that the waiver doctrine will be relaxed so that Perry can now raise this claim in a state court pursuant to the Illinois post-conviction statute. The Illinois courts have recognized that a claim of ineffective assistance of counsel often involves allegations of facts that are outside the scope of the trial court record. *See, e.g., People v. Edmonds,* 79 Ill.App.3d 33, 37, 34 Ill.Dec. 555, 558, 398 N.E.2d 230, 233 (1979). As such, an ineffective assistance of counsel claim is not readily raised on direct appeal. *See id.* Given this impediment to appeal, an ineffective assistance of counsel claim not raised on appeal may be raised in a post-conviction proceeding. *See People v. Edsall,* 94 Ill.App.3d 469, 472–73, 49 Ill.Dec. 923, 926, 418 N.E.2d 943, 946 (1981); *People v. Edmonds,* 79 Ill.App.3d 33, 37, 34 Ill.Dec. 555, 558–59, 398 N.E.2d 230, 233–34 (1979); *People v. Turner,* 74 Ill.App.3d 840, 844, 30 Ill.Dec. 400, 404, 393 N.E.2d 55, 59 (1979); *see also People v. Martinez,* 104 Ill.App.3d 990, 991, 60 Ill.Dec. 743, 745, 433 N.E.2d 981, 983 (1982); *People v. Johnson,* 63 Ill.App.3d 745, 749, 20 Ill.Dec. 553, 557, 380 N.E.2d 531,

**2.** We of course express no opinion on the merits of petitioner Adams' constitutional claims.

535 (1978); *see generally Goins v. People,* 103 Ill.App.3d 596, 598, 59 Ill.Dec. 312, 314, 431 N.E.2d 1069, 1071 (1981) (claims based on allegations outside of record could not have been considered on direct appeal and are not waived); *People v. Dennis,* 14 Ill. App.3d 493, 495, 302 N.E.2d 651, 652 (1973) (same).

 Indeed, Perry's ineffective assistance of counsel claim *is* based on allegations of matters outside of the scope of the record. In the petition filed in the district court, Perry contends that his trial counsel interviewed favorable witnesses and discovered exculpatory evidence, but failed to call the witnesses to testify and failed to make use of the valuable evidence. This is exactly the type of claim that can be presently made pursuant to the Illinois post-conviction statute. Perry must seek post-conviction relief in the Illinois courts before a federal court will exercise its habeas corpus jurisdiction to entertain this Sixth Amendment claim.[3] *See United States ex rel. Williams v. Israel,* 556 F.2d 865, 866 (7th Cir.1977); *United States ex rel. McLaren v. Fairman,* 532 F.Supp. 60, 61 (N.D.Ill.1982). Finally, because Perry's petition for a writ of habeas corpus contains at least this one unexhausted claim,[4] under the holding of *Rose v. Lundy,* 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the entire petition was correctly dismissed.

### IV.

In the appeal of Carl Adams (No. 82–1630), we vacate the order dismissing the petition for a writ of habeas corpus and the case is remanded for further proceedings. In the appeal of Tyrone Perry (No. 81–2479), however, we affirm the district court's order dismissing the petition.

---

**3.** We recognize that there are a few Illinois cases that hold that a defendant's failure to raise an ineffective assistance of counsel claim on direct appeal may constitute a waiver. *See e.g., People v. Cartee,* 104 Ill.App.3d 754, 756, 60 Ill.Dec. 529, 531, 433 N.E.2d 326, 328 (1982); *People v. Churchill,* 92 Ill.App.3d 1006, 1008, 48 Ill.Dec. 364, 365, 416 N.E.2d 395, 396 (1981). These cases, however, did not involve (or the courts did not address) the problem of raising on appeal claims based on allegations of facts that are outside of the trial court record. Moreover, in light of the many cases supporting the view that ineffective assistance of counsel claims are cognizable in post-conviction proceedings, we have reason to believe that Perry has not exhausted state remedies on this claim.

**4.** Perry's petition for habeas corpus also contains the claim that the prosecutors failed to disclose favorable evidence. Given our disposition of this appeal, we do not have to decide whether this claim, which is based on allegations of fact outside of the record, is exhausted. There is an indication, however, that if the claim is brought under the Illinois post-conviction statute, the waiver doctrine will be relaxed. *See People v. Jones,* 33 Ill.App.3d 1025, 1026, 339 N.E.2d 519, 520 (1975), *aff'd* 66 Ill.2d 152, 5 Ill.Dec. 576, 361 N.E.2d 1104 (1977). It might be prudent, therefore, for Perry to include this claim with his ineffective assistance of counsel claim in a post-conviction petition in the state court.