**UNITED STATES of America ex rel. Arthur SHEPPARD, Petitioner,**

v.

**Thomas ROTH, Respondent.**

**No. 90 C 2404.**

United States District Court, N.D. Illinois, E.D.

Jan. 8, 1991.

Arthur Sheppard, pro se.

Steven Joseph Zick, Terence Madsen, Illinois Atty. Gen. Office, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court are respondent (warden of Stateville prison) Thomas Roth's motion to dismiss petitioner Arthur Sheppard's habeas corpus petition, Sheppard's motion for summary judgment, and Roth's motion to strike Sheppard's summary judgment motion. For the reasons stated below, Sheppard's petition is dismissed and his summary judgment motion is stricken.

In December 1986, after a bench trial in the Circuit Court of Cook County, Sheppard was found guilty of one count of murder and two counts of attempted murder. He was sentenced to concurrent terms of 60, 30 and 30 years, respectively. Sheppard appealed his conviction to the Appellate Court of Illinois. This direct appeal raised three issues: failure to prove guilt beyond a reasonable doubt;[1] the improper admission of irrelevant and prejudicial testimony;[2] and the ineffective assistance of trial counsel based on his trial attorney's failure to introduce into evidence the murder victim's dying identification of his assailant.[3] The appellate court upheld Sheppard's conviction in an order dated August 9, 1989.

Sheppard, pro se, then petitioned for leave to appeal to the Illinois Supreme Court. This petition raised basically the same issues as Sheppard had raised on direct appeal: failure to establish reasonable doubt; improper admission of damaging testimony; and ineffective assistance of counsel. The ineffective assistance claim additionally asserted that his trial

1. In this claim, Sheppard argued, in essence, that the two eyewitnesses who identified him were not credible witnesses.

2. In this claim, petitioner challenged the trial court's admission of testimony concerning certain threats he had made prior to the shootings in question.

3. According to Sheppard, a police officer who had testified at his trial had heard the dying declaration of the murder victim, who identified his assailant as "Edward." Sheppard's attorney did not elicit this testimony at trial. The trial court concluded that Sheppard's attorney made a tactical decision not to elicit this testimony as the police officer was not certain of what he heard and the officer told defense counsel that the word he heard may have been "Sheppard" rather than "Edward."

counsel did not adequately or properly present his alibi defense. Sheppard's petition to the Illinois Supreme Court was denied on January 31, 1990.

On April 25, 1990, Sheppard filed this petition for a writ of habeas corpus, challenging his conviction on the following four grounds: that his arrest warrant was invalid; that he had never been properly indicted—and consequently, that the trial court never had jurisdiction over him; that he was denied effective assistance of counsel because his attorney inadequately prepared and investigated his case, and engaged in conduct involving "dishonesty, deceit and misrepresentation" (Habeas Petition, p. 13); and that the police and prosecutors improperly influenced the trial court judge to deprive Sheppard of his 13th and 14th Amendment rights.

On July 18, 1990, the respondent filed a motion to dismiss, arguing that petitioner has not exhausted his state remedies for all of the claims in his habeas petition. In this motion, the respondent argues that the ineffective assistance of counsel claim which Sheppard asserts in his habeas petition is a separate and distinct claim from the ineffective assistance issue which Sheppard raised on direct appeal of his conviction. Respondent concludes that Sheppard has not exhausted his state court remedies with respect to this claim because "[p]etitioner is free to raise the issue under the auspices of the Illinois Post–Conviction Hearing Act...." Motion to Dismiss, p. 5.[4] The respondent does not address any of the other three claims in the habeas petition, but instead states the rule that a federal court must dismiss a habeas petition which

---

4. Respondent notes parenthetically that this claim would not be barred by res-judicata under the Illinois Post–Conviction Hearing Act because the claim involves facts outside the trial record on which the appellate court could not have ruled on direct appeal.

5. For example, this pleading states:
 FOURTH: the Warden is correct in stating that I did not challenge 'the conviction' with the use of a State Post Conviction Petition. The reason for this is that I am not challenging the conviction at all; rather, I am seeking the enforcement of my Civil Right to Liberty

contains both exhausted and unexhausted claims. *Id.*

On July 31, 1990, this court issued a minute order allowing Sheppard until September 14, 1990 to respond to the respondent's motion to dismiss. On August 6, 1990, Sheppard filed a pleading styled: "Petitioner's Motion for Summary Judgment." This pleading attacks the respondent's motion to dismiss, but does not present any cognizable legal arguments in support thereof.[5] Sheppard does not attempt to address the exhaustion of state remedies issue, and he has not filed any subsequent pleading in this case which does so. Respondent then moved to strike the motion to dismiss as premature, and asserts that this court must rule on its motion to dismiss before considering a summary judgment motion.

 This court grants respondent's motion to dismiss, but does so on grounds other than those asserted by the respondent. Initially, the court notes that respondent's motion does not address three of Sheppard's habeas claims, which Sheppard apparently did not raise at the state court level. Where claims raised in a habeas petition were never raised on direct appeal of the petitioner's conviction, the relevant doctrine is not exhaustion of state court remedies, but procedural forfeiture or "waiver" precluding habeas relief. *See, e.g., Perry v. Fairman,* 702 F.2d 119, 120 (7th Cir.1983) (discussing the distinction between the exhaustion requirement for habeas corpus petitions and the waiver doctrine, both of which are based on comity considerations). In *Perry,* the Seventh Circuit stated:

the Warden is wrongly depriving me of, and I am complaining under Our 1st Amendment against 14th and 13th Amendment Violations thru 4th and 5th Amendment acts of official misconduct. I raised the 6th Amendment Issue to show this Court that whatever procedural defaults which may have occurred in this case ought to be imputed to the Warden who is among the group of State Officials that took me from arrest thru appeal on blank sheets of paper.
Petitioner's Motion for Summary Judgment, p. 7.

The requirement of § 2254(b) that state remedies be exhausted, refers only to remedies still available at the time of the federal petition. The waiver doctrine, however, is concerned with the situation in which there is no presently available state remedy but the petitioner bypassed an earlier opportunity to have the state court consider his constitutional claim. In such a case, the federal court may decline to exercise its habeas corpus jurisdiction.

702 F.2d at 120. The court finds nothing in the record to indicate that Sheppard raised his invalid warrant, invalid indictment, and improper influence claims at any level of the state court proceedings. Rather, it appears that Sheppard raises these issues for the first time in this habeas petition. These three claims, therefore, are barred by the doctrine of procedural default unless Sheppard can establish grounds for reviving these defaulted claims. *See, e.g., Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988).[6]

■ There are three ways in which a habeas petitioner may undo the effects of a procedural default. *Rodriguez v. Young,* 906 F.2d 1153, 1158–1159 (7th Cir.1990).

First, a habeas petitioner can revive a defaulted claim by showing "cause" for the default plus actual "prejudice" resulting from it. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Second, a prisoner can save a defaulted claim by treating counsel's failure to raise it properly as an independent sixth amendment violation under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

\* \* \* \* \* \*

In addition to showing ineffectiveness under *Strickland,* or some other form of

"cause" under *Sykes,* a prisoner seeking collateral review of a defaulted claim must also demonstrate "prejudice." Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.

\* \* \* \* \* \*

There is, finally, also a third way of obtaining habeas relief on a defaulted claim, an extra safeguard against miscarriages of justice and "fundamentally unjust incarceration." [*Murray v.*] *Carrier,* 477 U.S. [478] at 495–96, 106 S.Ct. [2639] at 2649–50, 91 L.Ed.2d 397 (1986)]. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.,* at 496, 106 S.Ct. at 2649 [additional citations omitted].

906 F.2d at 1159.

Sheppard does not address the procedural default issue, let alone assert one of the above-mentioned means for avoiding the procedural default bar on the habeas claims which he failed to raise at the state court level. However, construing all of Sheppard's pleadings and the entire record before the court in the light most favorable to Sheppard, the court finds nothing to indicate that the petitioner could circumvent the procedural default regarding his invalid warrant, invalid indictment, and improper influence claims.

Although Sheppard raises the invalid warrant and invalid indictment claims in the context of his sixth amendment ineffective assistance of counsel claim, *see* Habeas Petition, pp. 12–13, these claims consist entirely of bald assertions unsupported by

6. Although the respondent did not raise a procedural default defense in his motion to dismiss, the court may raise that issue *sua sponte. See Thieret,* 859 F.2d at 498 ("We now hold that although a district court is permitted, under *Granberry* and its progeny, to consider a waiver defense belatedly raised by the state, even to raise that defense *sua sponte,* the court is not permitted to override the state's decision implicit or explicit ... to forego that defense.") Unlike the *Thieret* respondent, who raised the waiver defense as to one habeas claim and, despite the district court's urging, deliberately declined to pursue it as to other habeas claims, respondent Roth never addressed the waiver defense in his motion to dismiss. Here, unlike *Thieret,* the respondent's omission of the waiver defense appears not to be based on a knowing or intentional relinquishment. Thus, the court finds that respondent Roth did not deliberately "waive" the procedural default defense and the court may deal with the issue *sua sponte.*

factual allegations of any kind. Sheppard's petition is saturated with conclusory allegations of judicial prejudice,[7] police and prosecutorial misconduct,[8] and trial and appellate counsel incompetence and misconduct,[9] all of which are unsupported by any discernable or plausible factual allegations. In the few instances where Sheppard purports to allege facts in support of his assertions, these facts are either incomprehensible or based upon some confusion over the purpose and effect of various legal forms and procedures which Sheppard encountered during his arrest, indictment, and trial. For example, Sheppard states:

> At the following Court appearance the Petitioner complained of the mixture of dates and missing records and the suspicious appearance of the documents handed to him; whereupon, he was handed *Exhibit SHP-05* which is a corrected copy of *SHP-04* that attempts to be in harmony with *SHP-03* and which depicts a transaction where the name of the judge has been removed. Like the foregoing this too is a simulated legal process that violates said *Sections 32-7* and *33-3*.

Habeas Petition, p. 9. In this excerpt (which is typical of petitioner's purported factual allegations), Sheppard fails to articulate what is suspicious about the forms to which he refers. He implies that certain dates and other information are incorrect or missing, but he does not state specifically what information is missing or what effect any of this has on the propriety of his criminal proceedings [10]. In short, the court finds no basis for holding that Sheppard could overcome the procedural defaults on any of the three claims mentioned above.

[Image: black bar] Unlike his invalid warrant, invalid indictment, and improper influence claims, Sheppard's ineffective assistance of counsel claim was arguably presented in his state court proceedings. If this claim was indeed "fairly presented" at the state court level,[11] the claim is properly before the court on the habeas petition as petitioner exhausted his state court remedies and did not waive the issue on procedural grounds. If, on the other hand, the sixth amendment claim, as raised in the habeas petition was not "fairly presented" at the state court level, the claim may be barred under the doctrines of exhaustion or procedural default.

Respondent argues that this habeas claim was not "fairly presented" on Sheppard's direct appeal, and that this claim has not met the exhaustion requirement of 28 U.S.C. § 2254(b). However, the court declines to rule on the exhaustion issue, choosing instead to confront directly the merits of this claim. *See Granberry v. Greer*, 481 U.S. 129, 134–135, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). In *Granberry*, the Supreme Court stated that the district court must balance the interests of comity and federalism in determining whether to address the merits of a habeas claim for which state court remedies have not been exhausted.

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, it is perfectly clear that the applicant does not raise even a colorable federal claim the inter-

---

7. *See, e.g.,* Habeas Petition, pp. 2, 14, 16.

8. *See, e.g.,* Habeas Petition, pp. 2, 7, 9, 10, 12, 16, 17.

9. *See, e.g.,* Habeas Petition, pp. 11–14.

10. The court notes that none of the documents referred to by Sheppard are present in the record before it. However, even Sheppard's bald assertions do not come close to stating a cognizable challenge to his conviction.

11. *See Varnell v. Young*, 839 F.2d 1245, 1248 (7th Cir.1988) ("A habeas petitioner has 'fairly presented a claim to a state court if he has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights.' "), *quoting Toney v. Frazen*, 687 F.2d 1016, 1021 (7th Cir. 1982).

 

ests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith. [Citations omitted.]

481 U.S. at 134–135, 107 S.Ct. at 1675. The court finds that this case fits within the rubric of *Granberry*. Even assuming *arguendo* that the state court remedies for the ineffective assistance claim in Sheppard's habeas claim are not exhausted, all parties concerned will be better served if this court addresses petitioner's claim directly, rather than deferring the issue for further state court findings.

■ As stated below, the court has found nothing in the record to support Sheppard's ineffective assistance of counsel claim. The sixth amendment claim in Sheppard's habeas petition is replete with conclusory allegations of neglect and citations to the Constitution and the Illinois Rules of Professional Conduct, but is utterly devoid of any tangible factual premises. Sheppard's claim, therefore, falls far short of meeting the heavy burden for establishing ineffective assistance of counsel, as set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Under *Strickland*, the petitioner must meet a two-prong test. First, he must establish that his attorney's performance fell below an objective standard of reasonableness. 466 U.S. at 687, 104 S.Ct. at 2064. In establishing this prong of the *Strickland* test, the petitioner must be specific. 466 U.S. at 690, 104 S.Ct. at 2066 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to

have been the result of reasonable professional judgment"). Second, the petitioner must affirmatively prove that the error prejudiced the judgment. 466 U.S. at 691–692, 104 S.Ct. at 2066–67 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment").[12] Finally, in establishing these prongs, the petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." 466 U.S. at 689, 104 S.Ct. at 2065. The reviewing court must avoid the "distorting effects of hindsight" in evaluating the attorney's performance. *Id.*

Sheppard's general conclusory allegations of attorney incompetence and misconduct establish only his dissatisfaction with the outcome of the proceedings, and not ineffective assistance of counsel as defined by *Strickland*. As described above, Sheppard has attacked the competence and integrity of every participant in his proceedings, from the policemen, prosecutors, defense counsel, and trial court judge, to his appellate counsel and the judges on his appellate panel.[13] Unsupported by any lucid factual allegations, let alone evidence, the claims arising from these ad homonym attacks cannot stand.

### CONCLUSION

For the reasons set forth above, petitioner's habeas corpus petition is dismissed. Petitioner's motion for summary judgment is stricken as moot.

IT IS SO ORDERED.

**12.** To establish prejudice, it is not enough for the petitioner to show that the counsel's errors had some conceivable effect on the outcome of the proceeding. 466 U.S. at 693, 104 S.Ct. at 2067. Rather, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

**13.** On page 14 of his habeas petition, Sheppard states: "Wherefore, were it not for the judges of the circuit and appellate courts failing in their duty of faithfully executing the Constitutions and Laws of Illinois and the United States ... the Petitioner would not be seeking release thru this Federal Court on Habeas Corpus...."